## J. W. Smith vs. A. Smith.

A sum specified *in the condition of a bond*, as the measure of damages to be paid by a party failing in the performance of his agreement, will be considered as *liquidated damages*, and not as a *penalty*.

A bond by a physician that he would not locate himself *and* practice in his profession within prescribed limits, and in case he should so locate *or* practice, that he would pay the obligor a certain sum for each and every month that he should so *practice*, is forfeited if he practice within, although he *resides* without the prescribed limits; and his so doing may be well assigned as a breach of the bond.

A *defendant* cannot move for judgment *non obstante veredicto;* nor can a motion *in arrest* be urged on *a case* made.

This was an action of debt, tried at the Monroe circuit. The plaintiff declared on a bond in the penal sum of $10,-000, and bearing date the 12th April, 1827, reciting that the defendant had sold to the plaintiff a lot in the village of Clarkson, and his business as a physician and surgeon, for the sum of $1000, and conditioned that the defendant would not locate himself *and* practice as a physician or surgeon in the said village, nor within six miles thereof, for the space of 10 years; and in case he should so locate *or* practice that he would pay to the plaintiff on demand $500 for each and every month that he should so practice as physician or surgeon either in or within six miles of the village. The plaintiff assigned seven breaches; The *first* breach was, that after the

making of the writing obligatory, to wit, on the day of the date thereof, the defendant located himself *and* practiced as a physician within six miles of the village of Clarkson for the space of six months; the *second*, that he located himself and practiced as a surgeon within, &c.: the *third*, that he located himself and practiced as a physician and surgeon; the *fourth* was similar to the third; the *fifth*, that he commenced practicing as a physician and surgeon within six miles of the village of Clarkson, and continued such practice for the space of six months immediately thereafter; the *sixth*, that he practiced as a physician within six miles, &c.; and the *seventh*, that he practiced as a surgeon within six miles, &c. The defendant pleaded *non est factum*, and took issue upon the several breaches assigned. It was proved that the defendant had located himself at a village distant seven miles from Clarkson, and in the fall of 1827 had twice visited patients in the village of Clarkson, and had said that in the month of August and September he had practiced as a physician and surgeon in and around the village of Clarkson, and that he had and would practice when and where he pleased, and had a right by the bond so to do. The judge charged the jury that the sum specified in the condition of the bond must be considered in the nature of liquidated damages, and not as a penalty. The jury found a verdict for the plaintiff with $1000; but as the verdict was delivered in writing in rather an informal manner, by the assent of the parties it was altered and entered as follows: "The jury find for the plaintiff on the first issue, and upon the fifth, sixth and seventh breaches assigned, and upon those breaches assess the damages of the plaintiff at $1000; and they find a verdict for the defendant upon the first, second, third and fourth breaches assigned."

*C. M. Lee*, for defendant, moved for a new trial on the ground of the misdirection of the judge, insisting that damages of $500 per month were unreasonable and disproportionate to the consideration received; that courts look to the nature of the contract and the intention of the parties; and where the sum expressed to be paid is much beyond the

NEW-YORK, *consideration received or damages sustained, it will be held to*
May, 1830. be a penalty. (3 Johns. Cas. 297. 2 Comyn on Contracts,
Smith. 537, 541. Newland on contracts, 307. 5 Cowen, 144.)
v.
Smith

He contended also that the true construction of the bond was, that the defendant should not locate and practice physic or surgery within six miles of the village of Clarkson, and consequently that the issues found for the plaintiff were immaterial ; whereupon he contended, the other issues being found for him, the defendant was entitled to judgment *non obstante veredicto*, or that the judgment for the plaintiff should be arrested, or that a repleader should be awarded. (2 Tidd, 831. 16 Johns. R. 230. 1 Burr. 301.)

*S. Boughton*, for plaintiff. The motion for a repleader is too late : it should have been made at the term succeeding the circuit ; besides, it cannot be made on a case, but should have been founded on the nisi prius roll and postea. A defendant cannot move for judgment *non obstante veredicto ;* if the breaches were not well assigned, his remedy was by demurrer.

In support of the charge of the judge that the $500 should be considered liquidated damages, and not as a penalty, he cited 7 Johns. R. 73 ; *id.* 465 ; 4 Burr. 2225 ; 2 T. R. 33.

As to the construction of the bond, he contended that its essence was, that the defendant should not practice within the prescribed limits, his location being a matter of indifference. He argued that the consideration that had the defendant remained in Clarkson and not practiced in his profession he would not have subjected himself to the penalty, was conclusive to shew that the place of his residence is immaterial.

*By the Court*, MARCY, J. The defendant has made a case and moves for a new trial for the misdirection of the judge ; and if the court do not grant that motion, he asks to have the judgment arrested, or given for the defendant *non obstante veredicto*, or that a repleader be awarded. The misdirection of the judge complained of, was, his instructing the jury that the $500 mentioned in the condition of the bond

to be paid monthly, were liquidated damages agreed on by the parties.

One of the rules on this subject is, that where it is agreed that if a party do a particular thing a stipulated sum shall be paid by him, there the sum stated may be treated as liquidated damages. (2 Bos. & Pul. 353.) This rule is strikingly applicable to this case; in truth it is not a case of any difficulty. It is very evident, from a bare perusal of the bond, that the intention of the parties was, that the $500 for every month's practice in violation of the agreement, should be the damages that the plaintiff should receive or recover. I think the decision of the judge was obviously correct on this point.

The other point made by the defendant cannot properly arise on a case. The matter for which the judgment will be arrested must appear on the face of the record. Although enough of the pleadings are incorporated in this case to enable us to understand the merits of the motion, the mode here adopted is unusual and improper. It is equally a novelty in practice for the defendant to ask for judgment *non obstante veredicto*. It is only for a plaintiff that such a judgment can be rendered.

I am inclined to think that the fifth, sixth and seventh breaches were well assigned; and if the application for a *repleader* was properly before us, it ought not to be granted.

Motion for a new trial denied.