SCHERMERHORN and others, executors, &c. *vs.* SCHERMER-
HORN and others.

The *statute of limitations* is no bar to a recovery in an action of assumpsit by an *executor*, although more than six years have elapsed after the cause of action accrued before suit brought, if it be shewn that a suit for the same cause of action was prosecuted by the *testator* within six years after the accruing of the same, and that such suit *abated* by the death of the testa-
tor.

A motion *non obstante veredicto* is an *enumerated motion.*

A *defendant* cannot apply for judgment *non obstante veredicto;* all he can ask, where such a motion would be proper on the part of the plaintiff, is, that the judgment be *arrested.*

THE action in this case was *assumpsit.* The defendant pleaded *actio non accrevit infra,* &c. The plaintiffs *repli-
ed* that a suit had been commenced by their testatrix for the same cause of action within six years after the accruing of the same, which abated by her death, and that within one year after the death of the testatrix this suit was commenced by the plaintiff; to which the defendants *rejoined,* denying the suit by the testatrix. The plaintiffs had a verdict, and

the defendants now moved for judgment *non obstante vere-dicto.*

*A. Vanderpoel,* for defendants.

*J. Koon,* for the plaintiffs.

*By the Court,* MARCY, J.   This is a motion on the part of the defendants for judgment *non obstante veredicto.* Doubts have been expressed as to the class of motions to which it belongs.   Motions for judgment *non obstante* have been heard as *non enumerated,* but I am satisfied that they belong to the class of *enumerated* motions.   A *motion in arrest* is an enumerated motion, and a motion for judgment, notwithstanding the verdict, appears to me to be of the same character; indeed it includes an arrest of the judgment.   If the verdict is for the defendant, the judgment to which he would seem to be entitled is arrested; the court forbear to give it to him; they arrest the judgment which, according to the ordinary course of proceeding, follows the verdict.   They do more; they render it for the plaintiff.   A motion in arrest of judgment is made on the record; so is the motion for judgment, notwithstanding the verdict.   It must be moved for within the time prescribed for making the motion in arrest.   Books of practice treat the two motions as of the same character. Tidd says, " The motion in arrest of judgment, or for judgment *non obstante veredicto,* &c. may be made at any time before judgment is given."   *Tidd's Pr.* 840.   Though the objection to hearing this motion at a non enumerated term was suggested by the court, the argument was permitted to proceed inasmuch as the practice as to the hearing of such motions was not considered as settled.

It will be observed that this motion is made by the defendants.   This court intimated, in *Smith* v. *Smith,* 4 *Wendell,* 468, that an application for judgment, notwithstanding the verdict, could not be made by the defendant.   No case has been found in which such a motion has been made on his part, and the language of all the cases seems to imply that it is a motion to be made only by the plaintiff.   It does not appear that more has been done for the defendant than to *arrest the judgment* when the verdict is for the plaintiff.   I shall

therefore consider the present application in the light of a motion in arrest of judgment.

The statute of limitations, until it was modified since this suit was commenced, did not by express language save the rights of the plaintiff, where the suit abated by his death and his representatives attempted to revive it after the lapse of more than six years from the time the cause of action accrued, and within one year from the abatement of the first suit ; but such a case has been considered within the equity of the exceptions to that act. The allowance of an exception to the statute in such a case has been considered judicial legislation, and we are asked in this case to overturn a series of decisions which have been recognized as sound law for nearly a century and an half. The rule of construction which prevailed in England from a period immediately subsequent to that in which the statute of limitations was passed and continued down to the present time, was recognized as established law as early as 1805 by the judges of this court. They held that if a suit is commenced before the statute attaches, and it abates by the death of the plaintiff, his representatives can maintain an action for the same cause, if it be commenced within one year of the death of the former plaintiff, although the time of the commencement of the last action be more than six years after the cause of action accrued. *Jackson, ex dem. Frost,* v. *Horton,* 3 *Caines,* 197. The chief justice said in that case that "it had been repeatedly held, that where the creditor brought his action before the expiration of six years and died pending the suit, but after the six years had expired, the executor had one year at least after the death of the testator to renew the suit." If this is law, it places the question raised in this case beyond controversy. However much we may doubt the correctness of the construction which has been given to a statute, if that construction has been acted on as a settled rule of law for one hundred and forty years, and has been confirmed by repeated decisions, it is too late to repudiate it. We must adopt in such a case the maxim, *Stare decisis, et non quieta movere.*

Motion in arrest of the judgment denied.