By the Court.
Sandford, J.
The courts have leaned very hard in favor of construing covenants of this kind to be in the nature of penalties, instead of damages, fixed and stipulated between the parties ; and,' in so doing, have established certain rules, which will serve to guide us in determining this case. It may, perhaps, be justly said, that in this struggle to relieve parties from what, on a different construction, would be most *194 improvident and absurd agreements, the courts have sometimes gone very far towards making new contracts for them, somewhat varied from the stipulations, which, under other circumstances, would be deduced from the language they used ; but we believe no common law court has yet gone so far as to reduce the damages, conceded to have been liquidated and stipulated between the parties, to such an amount as the judges deem reasonable, which is the course in countries where the civil law prevails.
Among the principles, that appear to be well established, are these :—
1. Where it is doubtful on the face of the instrument, whether the sum mentioned was intended to be stipulated damages, or a penalty to cover actual damages, the courts hold it to be the latter.
2. On the contrary, where the language used is clear and explicit, to that effect, the amount is to be deemed liquidated damages, however extravagant it may appear, unless the instrument be qualified by some of the circumstances hereafter mentioned.
3. If the instrument provide that a larger sum shall be paid, on the failure of the party to pay a less sum, in the manner prescribed, the larger sum is a penalty, whatever may be the-language used in describing it.
4. When the covenant is for the performance of a single act, or several acts, or the abstaining from doing some particular act, or acts, which are not measurable by any exact pecuniary standard, and it is agreed that the party covenanting shall pay a stipulated sum, as damages for a violation of any of such cov enants, that sum is to be deemed liquidated damages, and not a • penalty. The cases of Reilly v. Jones, 1 Bing. 302; Smith v. Smith, 4 Wend. 468; Knapp v. Maltby, 13 ibid. 587; and Dakin v. Williams, 17 ibid. 447; S. C. in error, 22 ibid. 201, were of this class.
5. Where the agreement secures the performance, or omission, of various acts, of the kind mentioned in the last proposition, together with one or more acts, in respect of which the damages, on a breach of the covenant, are certain, or readily ascertainable by a jury, and there is a sum stipulated as damages, to be *195 paid by each party to the other, for a breach of any one of the covenants, such sum is held to be a penalty merely. This was the principle of the leading case, Astley v. Weldon, 2 Bos. & Pull. 346; and of Davies v. Denton, 6 B. & Cr. 216; Kemble v. Farren, 6 Bing. 141; and Boys v. Ancell, 5 Bing. N. C. 390. The latter case is a little remarkable, for the reasons assigned by some of the judges for the decision of Kemble v. Farren, by the same court, ten years before. As neither of those judges were, then members of the court, and as no such reasons appear in Mr ..Bingham’s report of the case, we do not consider the statement in Boys v. Ancell to be sufficient to establish those reasons as the ground for its decision. It is true that Tindal, 0. J„, in pronouncing the judgment in Kemble v. Farren, relied on Astley v.. Weldon, and that Heath, J., in the latter case, took a distinction between a sum stipulated as damages, in respect of a single act, and a like stipulation for the performance of each of several acts, and said that the latter was to be considered a penalty. But this was clearly not the ground upon which Astley v. Weldon proceeded, nor was Kemble v. Farren decided upon any such distinction. The decision in Reilly v. Jones (1 Bing. 302), was adverse to that doctrine, as was Knapp v. Maltby (13 Wend. 587). In the case of Boys v. Ancell, there was a covenant to pay the expenses of the lease, to which the-sum claimed as stipulated damages was applicable, as well as to> the covenant which had been broken on the other side ; and as those expenses were of a certain nature, the case was, in principle, like Kemble v. Farren.
Now let us apply the rules we have ascertained, to the case at bar. We prefer to pass over the first and second, and it is not claimed by the defendants that the third rule is applicable, except in connexion with the fifth. They insist that the case is within the latter,, and the plaintiff insists it is within the fourth proposition.
The instrument binds the defendants to pay the “ three thousand dollars liquidated damages,” in case Charles B. Peddie should refuse to continue with, or serve the plaintiff, or should violate any of the covenants mentioned in the recited agreement between him and the plaintiff. The agreement they recited *196 bound C. B. Peddie to the performance of numerous acts, ■among which he covenanted to be just, true, and faithful 'to the plaintiff, in all matters and things, and in nowise to wrongfully detain, embezzle, or purloin any moneys, goods, or things whatever, belonging to the plaintiff; to keep a just account of all things relating to the plaintiff’s business committed to his care or management, and to give a true account of the same when required.
We think that some of these covenants are clearly certain in their nature, and that the damages for their breach may be readily ascertained by a jury. Such is the covenant against wrongfully detaining the plaintiff’s moneys or property, and that •requiring C. B. Peddie to give a true account of the things committed to his management.
■The sum stipulated in the agreement as damages, applies, equally, to a breach of each of these covenants, and to those, upon which the complaint is "'founded.
The defendants contend that this circumstance brings the case within the principle of the cases cited, in support of the ■fifth rule above laid down ; while the plaintiff insists that those cases do not apply,'where the stipulated damages are not mutually payable on a breach, by either party.
Ther'e is ho covenant here, on the part of the plaintiff, to pay any 'stipulated damages. But that circumstance seems to have been of no further importance in the cases referred to, than its showing a covenant certain in its nature, which was covered by the same stipulated sum. The point on which those decisions turned, was, that the agreement contained some clauses sounding in uncertain damages, and others, relating to pecuniary payments, dr measurable by a pecuniary standard, to all of which clauses, the sum stipulated as damages, applied alike, and was to become payable on a breach of any one of them.' Then, inasmuch as that sum could be regarded only as a penalty, in réápect of th'e clauses "payable in money, or of a certain nature, it cdiild "not be considered as anything "more than a penalty, in "reSpeCt of the clauses which /Were "in their nature uncertain. The "same sum" expressed as damages, payable for a breach of ány’of several Covenants," cannot be deemed a penalty in respect *197 of one, and liquidated damages, for a breach of another, of those covenants. If it be stipulated damages in respect of one covenant, it must be the same as to all.
This being the rule, it can make no difference whether the certain covenant was one of those to be performed by the party guilty of a breach of the uncertain covenant, which is the subject of the suit, or was one to be kept by the plaintiff, and, therefore, it is of no consequence whether there was, or was not, any covenant of that description, on the part of the plaintiff, covered by the sum stipulated as damages, or, in short, whether the plaintiff agreed to pay any stipulated damages at all. The principle applies, if there be any covenant, covered by the amount expressed to be paid as stipulated damages, which is certain in its nature, although all the covenants are made by the defendant.
We are satisfied that the judge was right in his decision at the trial, that the sum payable by this agreement, was a penalty, and not stipulated damages.
The plaintiff makes a point that he should have, been permitted to prove special damages, on the judge ruling that the sum stipulated was a penalty. But it does not appear that he offered to make any such proof at the trial, or that he asked a judgment for nominal damages. His complaint averred no damages, either special or nominal, and as he did not raise the question of its amendment, by motion, or of the admission of the evidence, at the trial, it is now too late to bring it forward.
The judgment must be affirmed.