Caldwell, J.
This is a writ of error to the common pleas of Muskingum county, reserved from the district court for that county. The suit in the common pleas was brought on a bill of exchange-for $1,500, purporting to bo drawn by David B. Little, ¥m. McCall, Jesse Snodgrass, and William McCracken, on N. D. Lewis, cashier of the Girard 'Bank of Philadelphia, in favor of David B.. Little, and by him indorsed to the plaintiff, Benjamin H. Buckingham. Suit was brought against all the drawers of the bill, David B. Little being both drawer, payee, and indorser. William McCall was served with process. A writ was issued to the sheriff of Guernsey county, and served on Wm. McCracken, who was a, resident of that county; as to David B. Little and Jesse Snodgrass, the return was not found. McCall and McCracken, the only parties brought into court, severed in their pleading; each filed the, general issue, with an affidavit averring the truth of his plea, Mc-Cracken admitting in his affidavit that he signed the draft, but denying that his co-defendant, McCall, did. The case was submitted to the jury, who found a verdict in favor of McCall and against McCracken. The plaintiff moved for judgment on the verdict against McCracken, which the court refused, and proceeded to enter up a judgment in McCracken’s favor, non obstante veredicto. This ruling of the court is alleged by the plaintiff in error to be-erroneous. In the first place, we would say that, in our opinion the court erred in entering up judgment for the defendant non obstante veredicto. This is a judgment that can only be given for a plaintiff. The remedy for a defendant is to have the judgment arrested ; he can go no further. Smith v. Smith, 4 Wend. 468; Schermerhorn v. Schermerhorn, 5 Wend. 513. But the question to which counsel have called our attention, is, whether, from the record, the plaintiff had a right to judgment on the verdict against McCracken. The suit in this ease was brought, and *issought. to be maintained, under the statute of 1844 (42 Ohio Stat. 72), providing for a joint action against all the makers and indorsers of a note or bill, and authorizing a judgment against one or more of the defendants, although one or more of them might make a successful defense.
The defendant in error contends that the present case does not come within the purview of this statute; that the statute only applies to paper where there are both makers and indorsers. Little, who indorsed the bill, was a maker, and can not be considered as. *257 an indorser within the meaning of the law. It is true, Little was a maker. He was also the payee of the bill. He transferred his title by indorsement to the plaintiff. Ilis indorsement was necessary to convey such title. The plaintiff had no right to sue, except as indorsee. The bill was indorsed paper, and comes, as we think, clearly within the provisions of the statute of 1844. It is true, there was no recovery had in this case against any defendant as indorser. This we do not, however, consider material. The object-of the statute clearly is, so far as the action is concerned, to do away with all distinction between the makers and indorsers. They are to bo sued jointly in an action for money had and received. The judgment and its effects are to bo the same without any reference to whether they are makers or indorsers. One object of the statute was, to enable a party to join the makers and indorsers of' a note or bill in the same suit. Another was, to enable a plaintiff to recover against one or more of the defendants when he failed as to part of them; neither of which could be done at common law. It is said, however, that the court did not obtain jurisdiction overMcCracken, the defendant, he being served in Guernsey county by a summons issued from Muskingum county; judgment being rendered in favor of McCall, the only defendant living in Muskingum county, where the suit was brought. What remedy the defendant, might have had, if judgment had boon taken against him by default, or if he had, in the first instance, interposed a plea to the jurisdiction, it is not necessary now to determine. He has waived all objection *to the process by appearing and pleading issuably to the action, without any objection. We are of opinion that the action was properly conceived; that the court obtained jurisdiction over the person of the defendant, McCracken; and that, for any thing appearing on the record, the court should have entered judgment on the verdict, and consequently that the judgment of the court, non obstante veredicto, is erroneous. The judgment of the-court of common pleas will therefore be reversed, and the cause remanded.