## SUPREME COURT.

### BENJAMIN VINCENT agt. CHARLES H. KING.

An *injunction* cannot issue, in an action for a breach of covenant or agreement, restraining the defendant from exercising or carrying on a certain trade or profession within a certain time, in a certain place, where a certain sum as a *penalty* is named in the agreement.

The plaintiff's remedy is an action at law to recover of the defendant the specified amount named as the penalty, for his damages; and that is the extent of his remedy, either at law or in equity.

And this is so whether the defendant is solvent or insolvent. Were there *no penalty* expressed in the agreement, the plaintiff would be entitled to an injunction restraining the defendant, by reason of the impossibility of accurately calculating the plaintiff's damages; and this would be so whether the defendant was insolvent or not.

Whether, under the Code, it is necessary that the complaint should contain a *prayer* for a temporary injunction, to entitle the plaintiff to one, upon facts existing at the time of the commencement of the action. *Quere?*

*Broome Special Term, Nov.*, 1856.

THE complaint in this action shows, that on the 22d day of September, 1856, the parties made an agreement in writing, whereby, for and in consideration of $250, which the plaintiff paid to the defendant, the defendant agreed to sell, and did sell and deliver to the plaintiff, all the furniture, fixtures and ap-

Vincent agt. King.

purtenances belonging to the barber-shop of the defendant, situated in the village of Owego, (with the exception of the razors and tools of his trade,) and all his right, title and interest in and to said furniture, fixtures and appurtenances. And the defendant, in consideration of the sum of money aforesaid, so paid by the plaintiff to the defendant as aforesaid, covenanted and agreed to and with the plaintiff, that he, the defendant, for and during the term of one year next after the making of said agreement, would not exercise, carry on, or follow his craft, trade, or employment of shaving, hair-dressing and hair-cutting in the village of Owego, or in any way pursue the trade of a barber in said village, under the penalty of the payment, by the defendant to the plaintiff, of one hundred dollars, according to the condition of a bond bearing date the day of the date of said agreement, executed by the defendant to the plaintiff.

That the plaintiff purchased such furniture and fixtures, &c., for the purpose and with a view to carrying on and following, in said village, the business of shaving, hair-cutting and hair-dressing; and that from and after the date of said agreement, the plaintiff has conducted and carried on, and intends to continue to conduct and carry on the business of shaving, hair-dressing and hair-cutting in said village.

That the defendant has violated said agreement, by exercising and carrying on his craft, trade and employment of shaving, hair-dressing and hair-cutting in said village, contrary to the terms of said agreement, and intends to continue to do so; and has fitted up and furnished a barber-shop in said village, in which he is carrying on his said craft, employment and trade of shaving, &c., and is pursuing the trade of a barber in said village, to the great damage of the plaintiff; and that the plaintiff has sustained damages by reason of the aforesaid conduct of the defendant to the amount of $100. And that the defendant has disposed of what little property he had at the time the agreement was made, and has no visible property or means from which a judgment against him could be satisfied; and that the defendant is utterly insolvent.

Whereupon the plaintiff demands judgment, that the defend-

ant be enjoined and restrained by the court from exercising, carrying on, or pursuing the craft, trade, or employment of shaving, hair-dressing, or hair-cutting, or in any way following the trade of a barber in said village of Owego, for and during the term of one year from and after the 22d day of September, 1856; and that the defendant be adjudged to pay the costs of the action.

The complaint is duly verified by the plaintiff: and upon the complaint so verified, the county judge of Tioga county granted an injunction order, bearing date the 11th day of November, 1856, in these words, viz.:

"It is ordered that the defendant, Charles H. King, be, and he hereby is enjoined and restrained from exercising, carrying on, or pursuing the craft, trade and employment of shaving, hair-dressing and hair-cutting, or in any way pursuing or conducting the trade of a barber in the village of Owego, for and during the term of one year, from and after 22d day of September, A. D. 1856."

The defendant now moves for an order dissolving the injunction, with costs, and for such other or further order as the court may grant. The motion is founded on the complaint and affidavits. The affidavits are to the effect that the defendant is not insolvent, and is able to pay a judgment of $100 and upwards; and that the defendant has not carried on the business of a barber in Owego since he made the agreement with the plaintiff; but that he works there in the shaving, hair-cutting and hair-dressing business as the servant of one Isaacs, and not on his own account; and that the defendant is a barber by trade, and has no other means of gaining a living, except by following such trade. The statements in the defendant's affidavits are materially contradicted by affidavits produced on the part of the plaintiff, except that it is not alleged by the plaintiff but that the defendant is a barber by trade, and gets his living by working at such trade.

B. F. TRACY, *for plaintiff.*
GILBERT C. WALKER, *for defendant.*

BALCOM, Justice. It is immaterial whether the defendant is working at the barbers' trade in Owego, as the servant of Isaacs, or is there carrying on the business of a barber on his own account, and exclusively for his own benefit, for he covenanted not to *exercise or follow* his trade and employment of shaving, hair-dressing, or hair-cutting in Owego, for the term of one year from the 22d day of September, 1856. He is exercising and following such trade there, though he be the servant of Isaacs. He has, therefore, violated his covenant with the plaintiff.

It is very doubtful whether the plaintiff could collect a judgment of $100 of the defendant, if he had one for that sum against him : therefore the injunction should not be vacated by reason of the alleged ability of the defendant to pay damages for violating his covenant. But granting that he is insolvent, and therefore unable to pay any damages, is the plaintiff entitled to the extraordinary remedy by injunction which he seeks in this case, for the enforcement of the defendant's agreement? The defendant covenanted not to exercise, carry on, or follow his craft, trade and employment of shaving, hair-dressing, or hair-cutting, in the village of Owego ; or in any way to pursue the trade of a barber in said village, for one year, *under the penalty of the payment to the plaintiff of one hundred dollars,* according to the condition of a bond executed to the plaintiff by the defendant.

The covenant and bond are undoubtedly valid. (4 *Wend.* 468; 21 *id.* 157 ; 22 *id.* 201 ; 11 *Barbour,* 127.) They only restrain the defendant from the exercise of his trade in a single village, and that only for the period of one year; and the complaint shows that the plaintiff has supplied, and intends to continue to supply the public demand for a barber and barber's shop in the particular village, which is all that is necessary to make the covenant binding, according to the case of *Lawrence* agt. *Kidder.* (10 *Barb.* 641.)

It is laid down by STORY, "if a party covenants that he will not carry on his trade within a certain distance, or in a certain place, within which the other party carries on the same trade,

a court of equity will restrain the party from breaking the agreement so made." (2 *Story's Equ. Jur.* § 722 *a.*)

Again: STORY says, "A covenant not to carry on the same trade with the covenantee in the same street or town, will be specifically decreed." (2 *Story's Equ. J.* § 729.) But he also states that "the ground of all these decisions is the *utter uncertainty of any calculation of damages*, as they must in such cases be, in a great measure, *conjectural;* or that some further act is necessary to be done, to clothe the defendant with a full and effective title to support his claim." (2 *Story's Equ. J.* § 722 *a.*)

'In this case, if the defendant should pay to the plaintiff the one hundred dollars mentioned in the agreement he made with the plaintiff, he could open a barber's shop and exercise his trade in Owego, and the plaintiff would have no claim on him for further damages, although he might sustain a much larger amount, by reason of the defendant violating his covenant. This must be so, because the defendant only bound himself "under the penalty of the payment" of one hundred dollars to the plaintiff, not to violate his agreement. And the plaintiff can recover this hundred dollars of the defendant for his violation of his covenant, as *liquidated damages*, by reason of the utter uncertainty of any calculation of the plaintiff's damages, for such breach of the covenant. (4 *Wend.* 468; 22 *id.* 201; *Mott* agt. *Mott*, 11 *Barb.* 127; *Nobles* agt. *Bates*, 7 *Cow.* 307.)

The plaintiff having a perfect legal remedy to recover all the damages that the defendant agreed to pay him for violating his covenant, and the amount thereof being fixed and certain, the plaintiff would not be entitled to an injunction to compel the defendant to specifically perform his agreement, if it were conceded that he is insolvent. First, because the defendant may choose to pay the $100 damages, for the privilege of exercising the trade of a barber during the year in Owego. Secondly, because the agreement between the parties virtually restricts the plaintiff's remedy against the defendant to the recovery of the $100, "nominated in the bond," for the defendant's non-performance; and he may be damnified much beyond that sum by being restrained from exercising his trade for one year in Owe-

Vincent agt. King.

go. Thirdly, for the reason that this is not a case where the insolvency of the defendant is a sufficient ground for equitable relief by injunction. Such relief might embarrass the defendant in exercising his right to pay to the plaintiff the damages liquidated by their agreement, and thus violate the intention of the parties as it is therein manifested. The plaintiff is already entitled to recover the $100 damages of the defendant, and that is the extent of his remedy against him either at law or in equity.

If the agreement in this case had been simply that the defendant, for the consideration of $250, covenanted with the plaintiff not to exercise the trade of a barber in Owego for the period of one year, without any sum or forfeiture being stated in it, which the defendant should pay in case of his non-performance, then the rule laid down in Story would apply, (2 *Story's Equ. J.* § 722 *a*,) and the plaintiff would be entitled to an injunction restraining the defendant, by reason of the impossibility of accurately calculating the plaintiff's damages; and this would be so whether the defendant be insolvent or not.

It becomes unnecessary to decide whether the injunction is temporary in form, or whether the complaint should contain a prayer for a temporary injunction to entitle the plaintiff to one, upon the facts existing at the time of the commencement of the action. Under the old equity practice such a prayer was necessary. (*Walker* agt. *Devereaux*, 4 *Paige*, 229; 1 *Barb. Ch. Pr.* 37 & 608.) But whether such a prayer is necessary since the enactment of the Code, is not so clear. (*Code*, §§ 140, 141, 218, 219, 220.)

The injunction order granted by the county judge must be vacated, with $10 costs of the motion. Thomas Farrington, Esq., of Owego, is appointed a referee to ascertain, and report to the court, the damages that the defendant has sustained by reason of the injunction. (*Code*, § 222.) And the plaintiff may have twenty days, after the referee shall file his report, in which to pay such damages and amend the summons and complaint in the action, so he can recover the $100 damages specified in the agreement and bond, mentioned in the complaint. (*See* 1 *Barb. Ch. Pr.* 324.)