BROWN & EAGAR, APPELLANTS, *v.* H. C. LILLIE, RE-SPONDENT.

JUDGMENT FOR DEFENDANT "NON OBSTANTE VEREDICTO," ERROR. When there was a verdict for plaintiff, and defendant moved for judgment *non obstante veredicto* and obtained it: *Held,* that such a motion, if allowable at all under the Practice Act, was only a motion for plaintiff, and that the action of the Court was erroneous.

MOTION FOR JUDGMENT "NON OBSTANTE VEREDICTO." A motion for judgment *non obstante veredicto,* if proper at all under the Practice Act, can certainly not be made by defendant.

NO LEGAL JUDGMENT ON VERDICT IRRESPONSIVE TO PLEADINGS. If a verdict is absolutely defective under the pleadings, no legal judgment can be entered thereon.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action by E. D. Brown and Thomas Eagar, partners doing business under the firm name and style of Brown & Eagar, for an injunction to restrain H. C. Lillie, the defendant, from sell-

ing, transferring, delivering, or otherwise disposing of three certain promissory notes for one thousand dollars each, and to compel him to transfer and deliver them to plaintiffs. It was alleged that the notes were originally received by Lewis Lillie, brother of defendant, as the agent of the plaintiffs, and for their use and in payment of their property sold by him. It was further alleged that Lewis fraudulently took the notes in his own name, and that defendant fraudulently received them from Lewis without consideration, and with intent to defraud plaintiffs.

Defendant in his answer denied the charges of fraud, and set up that he had received the notes for a valuable consideration before they were due, and without any notice of any claim of plaintiffs upon them ; and that previous to the commencement of suit, he had already sold and transferred them for value.

The verdict was as follows : " We, the jury in the above entitled cause, find for the plaintiffs in the sum of twenty-five hundred and thirty-five dollars, the value of the property as described in the complaint."

The judgment proceeded thus : " In this cause, the jury who tried the same having found a verdict for plaintiffs, on which judgment was deferred by the Court for the purposes of defendant's motion for judgment for defendant *non obstante veredicto ;* said motion being made, argued, submitted to and taken under advisement by the Court on the twelfth day of May, 1870 : Now, on this, the fourteenth day of May, 1870, the Court having fully considered the same, grants said motion : Whereupon it is ordered, adjudged and decreed by the Court that plaintiffs herein take nothing by this their action ; but that defendant, H. C. Lillie, have and recover of and from plaintiffs, E. D. Brown and Thomas Eagar, (Brown & Eagar) his costs in this action expended, taxed in the sum of twenty-six dollars and sixty cents ($26.60) in the gold coin of the United States."

*Hillyer, Wood & Deal,* for Appellants.

I. The verdict of the jury is conclusive upon the questions of fact. (*Duff* v. *Fisher,* 15 Cal. 380 ; *State* v. *Yellow Jacket S. M. Co.,* 5 Nev. 417.)

II.   The action of the Court below, in setting aside the verdict, and entering judgment in favor of respondent, cannot be justified. It is true, plaintiffs asked an injunction restraining defendant from selling or disposing of the notes; but the object of the action was to recover the notes; the judgment asked by plaintiffs was that "defendant transfer and deliver the notes to plaintiffs." The verdict was in accordance with section one hundred and seventy-nine of the Practice Act, and judgment should have been entered in accordance with section two hundred and two.

III.   There being an answer in the case, the prayer for relief is immaterial, and the only question is whether a judgment should have been entered in accordance with the verdict. (*Marquat* v. *Marquat*, 2 Kernan, 337; *The People* v. *Supervisors of San Francisco*, 27 Cal. 684.)

The notes having been shown to belong to Brown & Eagar, and defendant having converted them to his own use, there is no reason why judgment should not have been entered in accordance with the verdict.

*Mitchell & Stone*, for Respondent.

I.   The action was an equitable action brought to obtain equitable relief alone. The only object in calling a jury was that it should render a verdict in the cause advisory merely to the Court. The verdict was not, and is not binding upon the Court, or conclusive upon questions of fact. (*Still* v. *Saunders*, 8 Cal. 287; *Goode* v. *Smith*, 13 Cal. 84; *Gray* v. *Eaton*, 5 Cal. 448; *Van Vleet* v. *Olin*, 4 Nev. 98.)

II.   The *bona fide* holder of a negotiable note by indorsement before maturity takes it subject to no equities existing between his assignor and a third party, which are not indicated on the face of the note. (Parsons on Cont., 213, and cases there cited; *Palmer* v. *Goodwin et al.*, 5 Cal. 459.)

III.   Where, as in this case, the only relief sought was an injunction, the action must have been an equitable one. In such case the verdict was merely advisory to the Court, and it was no error to

disregard it.   The Court below took this view of the nature of the
action, and rendered its judgment accordingly.

IV.   In an equitable suit this Court will examine the entire case
presented in the record, in order to do justice between the parties.
In such cases this Court on appeal has full power and jurisdiction
for the purpose of equity to correct the errors of the Court below,
in whatever shape or by whatever party the appeal is taken up.
(*Grayson* v. *Guild*, 4 Cal. 122.)

V.   There was no error in rendering judgment in favor of de-
fendant, for the reason that at the time the action was commenced,
the promissory notes in controversy were in the possession of, and
the property of, a third party, who had acquired the title thereto
prior to the commencement of this suit.   An injunction cannot be
granted to restrain the performance of an act already past.   The
Court should dismiss the action.   (*Webster* v. *Fish*, 5 Nev. 192 ;
*Sherman* v. *Clarke*, 4 Nev. 138 ; 1 Waterman's Eden on Injunc-
tions, 1 and 2 ; Hilliard on Injunctions, 3, Sec. 5.)

By the Court, WHITMAN, J. :

In this case appellants, plaintiffs in the District Court, had a ver-
dict ; but before entry of judgment, respondent moved for judgment
*non obstante veredicto,* and had it.   Whether this motion is proper
under the code of this State, need not here be discussed, but under
any practice it is a motion for the plaintiff.   (*Smith* v. *Smith*, 4
Wend. 468; *Schermerhorn* v. *Schermerhorn*, 5 Wend. 514 ;
Burrill Law Dic., Title *Non obstante veredicto* ; Bouvier, *id.*)   This
action of the Court was error, for which its judgment must be re-
versed.   So ordered, and the cause remanded.

For the purpose of saving trouble and expense to the parties
herein, it may not be amiss to say that the verdict is so absolutely
defective under the pleadings, that no legal judgment can be en-
tered thereon.   (*Lambert* v. *McFarland*, 2 Nev. 58 ; *Carson* v.
*Applegarth*, ante.)