By the Court.—Curtis, J.
From wise considerations of public policy, contracts imposing a restraint upon trade throughout an entire state or county are held void, but this rule is sometimes relaxed as to small districts or towns, when it appears that the public interest or convenience will not be prejudiced. The public comfort and welfare are the controlling considerations (Lawrence v. Kidder, 10 Barb. 641). In the present case no question arises as to the validity of the restraint.
In Smith v. Smith (4 Wend. 468), where a physician bound himself in a penal sum for ten years, not to reside or practice within six miles of a certain village, and had removed seven miles therefrom, and it was shown that he practiced for two months in and around the village during the period, and claimed the right to do so at any time, it was held a breach of the bond. The mere removal of his residence beyond the restricted limits, does not appear to have been considered a compliance with the covenant, but it was construed to extend to a prohibition of a resumption of practice therein. The question was not before the court as to whether, if in three or four instances, old patients had sought his attendance, and he, as a matter of kindness or personal consideration for them, had attended them, that would constitute a breach of the bond.
*312 This question is what we now have before us. There is no dispute but that, in a few instances, the defendants supplied meat to old customers, within the limits; and the jury, in effect, find that this was not done at the solicitation or procurement of the defendants. The defendants’ place of business was outside of the restricted limits. Can we establish the rule, that the obligor in this common species of obligation, who in a large town removes his place of business, in conformity to it, is to be held to have violated it, if subsequently by chance in the current of business at his shop, or as a matter of favor or accommodation, and with no procurement or seeking on his part, he supplies some articles to three or four of his old customers in the forbidden territory % This would be a harsh construction, and one which, the courts have avoided giving to this covenant. It would be an unwise interference with the usual course of business, and the requirements of public convenience and comfort, which . latter can never be prejudiced or made secondary by contracts imposing restraints upon traffic.
In the case of Turner v. Evans (2 Ellis & Blackburn, 512), where the vendor of the business of a wine merchant covenanted, “that he would not set up, embark in, or carry on the business in certain limits,” and removed his place of business outside of the limits,' it was held, that the systematic soliciting and supplying orders within the limits in fifty instances, was a breach of the covenant. Says, Lord Campbell, C. J.: “If done now and then, to oblige an old customer, or the like, it would be no breach of the contract, for that would not be carrying on business ; but it was done on system.” Earl, J., concurred. Compton, J. : “I think the question was one of fact. Was he doing this on system ? For he would not be carrying on business, if he did it only now and then.”
The view of the court of Queen’s Bench seems to *313 confine the question, as to whether the soliciting orders and supplying was done as a system, and to hold-that where it was done, as appears in the present case, now and then to oblige an old customer, it was no breach.
When the question between these parties was before the court of chancery (2 De Gex, M. & G. 740), the application for an injunction was denied, the court appearing to consider the removal of the place of business as the substantial requirement of the contract, and to be reluctant, from regard to the public interest, to enforce a restraint upon the general freedom of soliciting orders, or to sustain any interference in conveying of intelligence to the public of opportunities and requests to make purchases in the ordinary course of trade.
In Lee v. Ehrhardt (19 Law Times N. S. 637), it was held, that occasional assistance of the vendor rendered by him to his daughter, was not a breach of the cove-nan t ‘ ‘ not to take, keep, or be concerned in any public house within the prescribed distance of the one sold.
Blackburn, J.,
charged the jury that the question was one whether defendant acted in good faith as a matter of kindness; but if they were of opinion that his conduct was in the nature of a juggle, to find for the plaintiff. The defendant had a verdict. On a review of the question, Cockburn, Ch. J., considered that the covenant must be taken to mean, that he shall not be concerned in any public house, so as to be interested in it; that is, have any share in its profits, or any interest in it that could prejudice the' other party to the cove na-nt. Blackburn, J., concurred.
Mellor, J.,
stated the interest must be such at. would induce the person having it, to support one pub' lie house, and to prejudice the other. Casual assistance in carrying on business is not a breach. To hold so would be a very harsh construction. Hats, J., concurred.
*314 Applying the construction given to the covenant in the last two decisions to the one under consideration, which is substantially the same, it will appear that the plaintiff failed at the trial to establish the breach of the covenant complained of, and that the defendant’s exceptions can not be sustained.
There are substantial reasons why such construction should be given. It is reasonable, and in comformity to the interest of the parties, and to what is due in this class of obligations to the public welfare.
The judgment appealed from, and the order denying the motion for a new trial should be affirmed, with costs.
Speie, J., concurred.