### New York Marine Court.

*General Term—December,* 1875.

### ROBERT BELL, et al., *against* S. A. C. HAZARD.

Judgment *non obstante veredicto* can only be ordered in a case wherein the defendant has obtained the verdict of the jury.

McADAM, J.—Upon the conclusion of the trial of this action, the presiding justice directed a verdict for the plaintiff, and reserved the case for further consideration, after which he directed judgment for the defendant *non obstante veredicto,* and from this order and direction the plaintiff appeals.

Bell *v.* Hazard.

Although, upon the facts as disclosed in the case, the trial justice ought to have directed a verdict for the defendant in the first instance, there is no practice which permits a trial judge, after he has directed the jury to find for the plaintiff, to turn the direction into a judgment for the defendant, merely because that is the direction that should have been given in the first instance. By the practice prevailing prior to the Code, if the verdict was for the defendant, the plaintiff, in certain cases, might move for judgment *non obstante veredicto*—that is, that judgment be given in his favor, without regard to the verdict obtained by the defendant (*Stephen on Pleading*, 5 Am. ed. 96, 97); but it is only for a plaintiff and not for a defendant, that such a judgment can be ordered (Smith *v.* Smith, 4 *Wend.* 468 ; Schermerhorn *v.* Schermerhorn, 5 *Ib.* 514 ; Bellows *v.* Shannon, 2 *Hill*, 86 ; Brown *v.* Hartford Life Ins. Co., 11 *Law Rep. N. S.* 726). The direction in the present case that such a verdict be entered for the defendant, was therefore unauthorized by the former practice, which, if still in force in that respect, is not enlarged by the Code (§§ 264, 265). The order appealed from, in so far as it sets the verdict aside, was correct, and will be affirmed, but in so far as it directs a judgment for the defendant, *non obstante veredicto*, it will be reversed. Costs of the appeal to abide the event.

GROSS and SPAULDING, JJ., concurred.