## March *versus* Allabough.

1. The question whether a sum stipulated for in a written contract, to be paid on its breach, is a penalty or liquidated damages, is a question for the court, to be determined by the intention of the parties as drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; in this the court will consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction.

2. While extrinsic evidence may be admissible, in such case, to explain the subject-matter and relevant facts, the truth of such facts is for the jury, but their legal effect is for the court. The declarations of the parties at and before the execution of the writing, are inadmissible except to show fraud or mistake.

3. Bigony *v.* Tyson, 25 P. F. S. 157, explained.

4. A. sold to B. his stock and good will in a certain grocery store and business, by an agreement under seal, which contained the following stipulation: "And the said A. hereby binds himself not to engage in or open a store doing the same kind of business within [certain defined limits], under a penalty of one thousand dollars, and in case either party fail to comply with the terms and conditions of this agreement, he shall forfeit and pay to the other a sum of one thousand dollars. And the said A. also further binds himself hereby not to let or lease the new store building which he is now about erecting on the opposite side of Marshall street, to any person or persons to carry on the same kind of business . . . . under the same penalty of one thousand dollars as above stated." In an action by A. against B. for an unpaid balance of purchase money, in which B. defended on the ground that A. had violated his contract by doing the same kind of business within the defined limits: *Held*,

(1.) That the question whether the sums mentioned in the agreement were penalties or liquidated damages, was one of construction for the court, and it was error to submit to the jury the question as to the in-

[March *v.* Allabough.]

tent of the parties, as shown by the writing and their parol declarations at the time of its execution.

(2.) That said sums specified in the agreement were penalties, and not liquidated damages.

(3.) That it was not error to refuse to instruct the jury that in this action the defendant was in no event entitled to a certificate of any amount due him by the plaintiff.

April 16th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Montgomery county :* Of July Term 1881, No. 77.

Assumpsit, by George W. March against Benjamin V. Allabough. Pleas, non-assumpsit, payment, payment with leave, &c.

On the trial, the plaintiff put in evidence the following instrument, proved demand and non-payment thereof, and rested:

"NORRISTOWN, Dec. 27th 1877.

"Payable on demand to G. W. March, the sum of three hundred and sixty-two 79-100 dollars without defalcation for value received.  B. V. ALLABOUGH."

The defendant put in evidence the following paper:

Agreement made June 20th, A.D. 1877, between George W. March of Norristown, and Benjamin V. Allabough, of the same place, witnesseth, that the said March hereby agrees to sell unto the said Allabough all the stock in his store at the west corner of Marshall and Chain streets, in Norristown aforesaid, consisting of groceries, notions, &c., together with all the fixtures, &c., belonging thereto, except one small butter refrigerator in cellar, and also the good will of the same, for and in consideration of the following price or payments to wit: The stock to be taken at a fair valuation of two persons, one to be chosen by each party, and the said fixtures at the price or sum of six hundred dollars. The payments to be made for the whole as follows, to wit: One thousand dollars to be paid on or before the Fourth day of July, A.D. 1877 next; and one thousand dollars more in thirty days from the date of possession of said store room goods or groceries and fixtures, &c., and the balance in sixty days from the said date of possession.

And the said March hereby binds himself not to engage in or open a store doing the same kind of business in that part of Norristown, lying northwest of Stony Creek, or anywhere above, said Stony Creek being the line, under a penalty of one thousand dollars, and in case either party fail to comply with the terms and conditions of this agreement, he shall for-

[March v. Allabough.]

feit and pay to the other the sum of one thousand dollars. And the said March also further binds himself hereby not to let or lease the new store building which he is now about erecting on the opposite side of Marshall street, to any person or persons to carry on the same kind of business, viz: that of groceries, notions, &c., &c., as are now kept at the store stand hereinbefore named at the west corner of said Marshall and Chain streets, under the same penalty of one thousand dollars as above stated.

In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year first herein above written.

| Witnesses present. | GEORGE W. MARCH, | [SEAL.] |
| WM. M. DE HAVEN, | BENJAMIN V. ALLABOUGH, | [SEAL.] |
| J. H. ANDERSON. | R. P. MARCH. | [SEAL.] |

Afterwards March opened another store in that part of Norristown lying southwest of Stony Creek and outside of the limits assigned to Allabough, where he sold groceries, vegetables and fruits.

Allabough did not punctually comply with the terms of his agreement, in regard to the payment of installments of the consideration money at the times appointed, and on December 27th 1877, there remained due by him $362.79, for which he gave the due bill in suit.

Allabaugh set up, in defence, that March had violated his agreement, by selling and delivering groceries, from his wagon, by his agents, to parties living within the district assigned to Allabough. This question of fact was submitted, under the evidence, to the jury.

The defendant contended that the one thousand dollars penalty provided for in the written contract was to be considered as liquidated damages, and that if there was on the part of March any violation of the agreement, not only could there be no recovery upon the due bill in suit, but Allabough was entitled to a certificate for the balance of the $1,000 penalty in excess of the amount of the due bill.

The court charged, inter alia, as follows:

"This agreement as I construe it upon its face simply imports a penalty; but that is not sufficient under the law as I comprehend it to determine whether Mr. Allabough is entitled to an absolute forfeiture of this $1,000, or whether he is simply to have the benefit of it as a penalty: for the courts have declared that in cases of this character it is for the jury to determine notwithstanding the language of the paper, what the actual intent and meaning of the parties was, and that if the jury find from the evidence, and it must be from the evidence consisting of the declarations, the acts, or the mutual relations of

7 OUTERBRIDGE.—22

the parties, that an absolute forfeiture was intended, then it is their duty to say so, and their right to say so. Now I commit to you this question, as to whether or not these parties intended when they made this agreement that this $1,000 should be an absolute forfeiture or a mere penalty." (First assignment of error.)

"Now I commit to you this question, as to whether or not these parties intended when they made this agreement that this $1,000 should be absolute forfeiture or a mere penalty, you to determine that will take first the testimony of these gentlemen as to what took place at the time the paper was signed. I think probably I had better just at this point read the exact testimony. Mr. De Haven testified as follows :"

[His honor here quoted testimony relating to the declarations of the parties at and about the time of the execution of the contract.] "Now then, gentlemen, that is all in the way of deliberations of these parties in reference to their intent upon this subject that there is in the case. You will ask yourselves whether they meant absolute forfeiture by this paper? If you cannot gather from their conversation that such was their intent or that it simply implied that it was to be a penalty to protect him from time to time from such damages as would be incurred by breaches you may take into consideration, as I have said, the relations of the parties, and the character of the transaction to cast light upon that subject." (Second assignment of error.)

The plaintiff presented, inter alia, a point, requesting the court to charge that the testimony relating to the declarations of the parties at and before the execution of the agreement was not sufficient to justify the jury in finding that the $1,000, mentioned in the contract as a penalty, was intended as liquidated damages. Refused. (Sixth assignment of error.)

The plaintiff also moved, at the close of the evidence, to strike out the testimony relating to said declarations. Refused. (Eighth assignment of error.)

The plaintiff further requested the court to charge, that the jury could not find a certificate for any sum in favor of the defendant. Refused. (Fifth assignment of error.)

Verdict in favor of the defendant, and the jury certify that there is due from the plaintiff to the defendant the sum of $663.19; and judgment thereon. The plaintiff took this writ of error, assigning for error, inter alia, the answers to the above points, and the portions of the charge above quoted.

*H. C. Boyer* (*B. M. Boyer* with him), for the plaintiff in error.

*Charles Hunsicker*, for the defendant in error.

[March v. Allabough.]

Mr. Justice CLARK delivered the opinion of the court, October 1st 1883.

By the terms of the agreement dated June 20th 1877, George W. March sold to Benjamin V. Allabough, his store in Norristown, consisting of groceries, notions, &c., with all the fixtures and good will, at a valuation to be put thereon as provided in the contract, payments to be made as follows, viz. : $1,000 on the 4th July 1877, $1.000 in thirty days after possession given, and the balance in sixty days. The terms of sale, the manner of making a proper valuation, and the delivering of possession having first been fully provided for, the agreement contains the following clause :

"And the said March hereby binds himself not to engage in or open a store doing the same kind of business in that part of Norristown, lying northwest of Stony Creek, or any where above, said Stony Creek being the line, under a penalty of one thousand dollars, and in case either party fail to comply with the terms and conditions of this agreement, he shall forfeit and pay to the other the sum of one thousand dollars. And the said March also further binds himself hereby not to let or lease the new store building which he is now about erecting on the opposite side of Marshall street, to any person or persons to carry on the same kind of business, viz. : that of groceries, notions, &c., &c., as are now kept at the store stand hereinbefore named at the west corner of said Marshall and Chain streets, under the same penalty of one thousand dollars, as above stated."

Are the several sums of $1,000 in which the parties bound themselves, each to the other, in this clause of their contract, to be treated as penalties or as liquidated damages, respectively ? To avoid confusion of expression, we will first determine the inquiry as to the "penalty" of $1,000, first mentioned in the agreement. This is a question of construction, and is to be determined by the intention of the parties, as that may be found in the language of the agreement itself, and in the subject matter out of which the agreement came. There has been some inconsistency or conflict in the decisions, on the question raised here, but the later cases in this court, when properly understood, we think, have to a great extent, reconciled these differences. It is true, that every such contract, as indeed almost any other contract, must stand for its construction upon its own peculiar facts, and the conflict in principle is oftentimes more in appearance merely than in reality.

It is competent for persons entering into an agreement, to avoid all future questions as to the amount of damages which may result from its violation, and to agree upon a definite sum, as that which shall be paid to the party who alleges and es-

[March v. Allabough.]

tablishes the violation, but such an agreement should either be plainly expressed in the writing, or exist by necessary implication from the true nature of the transaction. Forfeitures are not favored in the law, and the intention of the parties should therefore somehow plainly appear in the contract, its subject-matter or its surroundings.

As stated by Chief Justice Marshall in the case of Tayloe v. Sandiford, 7 Wheaton 13, "In general a sum of money, in gross, to be paid for the non-performance of an agreement, is considered as a penalty. It will not, of course, be considered as liquidated damages. Much stronger is the inference in favor of its being a penalty, when it is expressly reserved as one. The parties themselves denominated it a penalty, and it would require very strong evidence to authorize the court to say that their own words do not express their own intention."

In the case of Robeson v. Whitesides, 16 S. & R. 320, it was held that "stipulated damages can only be, when there is a clear unequivocal agreement which stipulates for the payment of a certain sum as a liquidated satisfaction fixed and agreed upon between the parties for the doing or not doing certain acts particularly expressed in the agreement. The contract should be expressed, or it should be a necessary implication from the nature of the transaction itself. When, however, the non-performance can be compensated with money, of which a jury may judge it is most consonant to reason, and best comports with the understanding of the parties, that the damages should be commensurate with the loss actually sustained."

In Burr v. Todd, 5 Wright 212, where the bond in suit was a penal bond, conditioned for conveyance of certain titles, the court, Woodward, J., say : "It is impossible to regard it as a liquidation of damages for breach of condition. There is not a word to import an agreement of the parties to that effect. The reasons assigned in Robeson v. Whitesides, 16 S. & R. 320, for not treating a similar bond as an agreement for liquidation of damages, apply with all their force to this bond. The distinction between a penal bond and stipulated damages cannot be better stated than in that case."

In Streeper v. Williams, 12 Wright 450, the court, Agnew, J., say : "Upon the whole the only general observation we can make is, that in each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case."

In the case of Shreve v. Brereton, 1 P. F. Smith 175, the parties bound themselves each to the other in $10,000, not as a

penalty but as stipulated damages, and it was held that under the circumstances this sum was a penalty ; that where parties bind themselves in a specified sum, not as a penalty, but as stipulated damages, if by the whole agreement it appears that they did not intend the entire sum should be paid for any breach, however minute, it must be held as a penalty merely. In this case of Shreve v. Brereton, the court recognizes the rule laid down in Bagley v. Peddie, 5 Sandf. 192, that where the covenant is for the performance or omission of various acts, which are not measurable by any exact pecuniary standard, together with one or more acts, in respect of which, the damages on a breach of the covenant are certain or readily ascertainable by a jury, and there is a sum stipulated as damages, to be paid by each party to the other, for a breach of any one of the covenants, such sum is held to be a penalty merely, and not stipulated damages. The same rule is given in Sedgwick on Damages 493, and is repeated in the case of Gillis v. Hall, 2 Brewster 342.

From this reference to the recently adjudicated cases, in this state, therefore, we may safely conclude, that the question whether the amount stated in a conditional bond or contract is to be taken as a penalty or a liquidation of damages arising from a breach of the condition, is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings ; and that in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction. The concurrent declarations of the parties are inadmissible, except to show mistake or fraud, and neither is here alleged. Evidence, extra the contract, may in some cases, therefore, be required to explain the subject matter and exhibit the surroundings, and in the investigation of the transaction in its various phases the testimony of witnesses may be admitted for other purposes affecting the inquiries already stated ; the truth of the facts thus shown is for the jury, but their effect is for the court.

Nothing more than this was intended by this court in the case of Bigony v. Tyson, 25 P. F. Smith 157. That was an action of debt upon a bond given by Bigony to Tyson, dated 17th April 1861, in the sum of $1,000, conditioned that Bigony would " never practice medicine within five miles of Skippack-ville, in which place he has this day deeded certain property to the said Andrew R. Tyson." The consideration of the obligation was not stated in the writing, nor was there any other

[March *v.* Allabough.]

writing shown in evidence disclosing the consideration; the bond was in the ordinary form, and the condition was in the words above stated; the seal, of course, technically imported a consideration sufficient to enable the plaintiff to recover, but upon its face it was a penal bond, the sum stipulated was, prima facie, only a penalty, and it therefore devolved upon the plaintiff to show actual damage, or that from the nature and circumstances of the transaction, the face of the obligation was to be treated as an adjudication. The plaintiff testified that he paid a full consideration, that he agreed to give, and did give the defendant $1,100 over what the property was worth, as a consideration for the bond; this the defendant denied, and as the fact was most material, it should have been submitted to the jury. The truth or falsity of the plaintiff's statement was for the jury; if true, its effect was for the court. There was no fact found, except such as appeared upon the face of the bond; nothing was submitted, the court instructed the jury that the sum designated in the bond was to be deemed and treated as liquidated damages, and not as a penalty. The court either usurped the function of the jury, by assuming the truth of the facts alleged by the plaintiff, or regarded them as immaterial. If it were true that Tyson paid a full consideration for the bond, a consideration equal to the amount expressed upon its face, it would certainly have justified the conclusion that the sum set down in the bond was an adjustment of the damages for its breach, but of this the court was not informed, and could only be informed through the instrumentality of the jury.

Thus the construction of an agreement is, in all cases, a matter of law for the court; the truth of the facts bearing. on that construction is for the jury, whilst the force and effect of those facts upon the construction, are for the court in their instruction to the jury.

In the case in hand, $1,000 is denominated a penalty, and · it is provided that "in case either party fails to comply with the terms and conditions of the agreement, he shall forfeit and pay to the other the sum of $1,000." It is improbable that they meant to set up two penalties or forfeitures of the same or different character, for the same violation, therefore, we assume that the sum denominated "a penalty of $1,000" and the $1,000 which "either party" is to forfeit and pay, are the same, and that the clause quoted was merely intended to apply the penalty to both parties to the agreement.

The terms of the agreement, on one side, required of Allabough the payment of the money only, on the other they required of March, delivery of the goods sold, and the performance of the covenants recited in the clause quoted at the opening of this opinion. It will be observed, therefore, that the

[March *v.* Allabough.]

damages for breach of the agreement by Allabough were necessarily certain and easily and readily ascertainable by calculation, and that the damages for breach of the sale and delivery of the goods by March were also capable of easy adjustment. And although the damages for violation by March, of that part of the agreement in which he bound himself not to engage in, or open a store in Morristown, north-west of Stony Creek, are altogether uncertain, are not susceptible of definite proof or capable of any easy adjustment, yet the facts are controlling, that the parties denominated the sum in the bond as a penalty, and that the stipulations of the agreement were various, to some of which the damages might be considered liquidated, and to others necessarily unliquidated, the stipulated sum being made payable on a breach of any of them.

The testimony as to the declaration of the parties prior to, and at the time of the execution of the bond, even if they had been admissible, established nothing more than appeared upon the face of the bond, but they were clearly inadmissible.

We are clearly of opinion that this sum of $1,000, under the evidence before the court, should have been held to be a penalty and not liquidated damages.

We are also well satisfied that the second sum of $1,000, under which March bound himself, not to lease the new store building, on the corner of Marshall and Chain streets, to any person carrying on the same business, was also a penalty. It was not only denominated as such, but March bound himself " under the same penalty of $1,000." The word, "same," clearly refers to the previous sum which we have found to be a penalty merely. If, therefore, he binds himself with reference to the store room " in the same penalty," the latter sum must necessarily be taken as a penalty also.

This disposes of the question raised by the 1st, 2d, 6th and 8th specifications of error.

Owing to the views we have already expressed on other questions involved in the case, we regard the third specification as unimportant. In the 4th, 5th and 7th specifications we find no error.

Judgment reversed, and venire facias de novo awarded.