## ESSEX COUNTY,

### MARCH TERM, 1836.

PRESENT, HON. STEPHEN ROYCE,  
"    JACOB COLLAMER, } *Assistant Justices.*  
"    ISAAC F. REDFIELD,

ESSEX,  
March,  
1836.

ORLANDO SCHOFF *vs.* TOWN OF BLOOMFIELD.

Towns, at the annual March meeting, or at the adjourned term of the same in April, may transact any business within the scope of their corporate interests, whether the subject matter of the business is named in the warrant for the meeting or not.

If at such meeting, a town appoint an agent to compromise a disputed claim for damages on account of a road laid across plaintiff's land by the selectmen, such agent may refer the question of the amount to be paid, to arbitrators; and the town will be bound by the award.

If, after the award, and after the road is legally opened, the owner of the land keep the road fenced up, this does not avoid the award, but the town must resort to their remedy under the general laws, as in other similar cases.

This was an action of debt on an award made by Daniel Smith and George W. Byram, in pursuance of a submission made as hereinafter stated.

*Plea*—the general issue, and trial by jury.

The plaintiff offered the records of the town of Bloomfield of the proceedings of the town at their annual March meeting, in the year 1833, by which it appeared that at the adjourned term of said meeting, Joseph Stevens was appointed agent of the town for the purpose of compromising the difficulties then existing between the town and this plaintiff in relation to a road laid by the selectmen of the town across plaintiff's land.

The defendants objected to the admission of the testimony, for the reason, that in the warning of said meeting, no notice was given of the subject matter of this vote, and that the vote gave no authority to the agent to compromise this difficulty by arbitration; which objections were overruled, and the testimony admitted.

Essex,
March,
1836.

Schoff
vs.
Bloomfield.

The plaintiff having proved a submission of their difficulties (which were a claim of damages on the part of plaintiff for the said road being laid as aforesaid across his land,) by said agent and the plaintiff, to the persons above named, and their award in the premises duly made and published, for the sum of $55 50, and that after the award, both the said agent and plaintiff expressed themselves satisfied with the award, and that the selectmen proceeded to assess a tax for the amount of the award upon the inhabitants of the town, in pursuance of a vote of said town, directing $30 and as much more as their agent should agree to pay plaintiff in the premises to be so assessed.—The plaintiff here rested his case.

This vote was at the same time with the vote appointing an agent for this purpose,

1. The defendant offered to prove that the land over which the road was laid belonged to the defendant by prescription.

2. That the selectmen had no authority to lay out a road over the land of the plaintiff; and,

3. That the plaintiff had kept the road fenced up since the award.

The testimony was objected to by the plaintiff, and rejected by the court.

The jury were instructed, that if they credited all the testimony given on the part of the plaintiff, he would be entitled to recover. Verdict for the plaintiff.

To the foregoing decisions of the court, the defendant excepted.

*Mr. Wead for defendant.*—The points to be decided in this case are,

1. Has a *town* power to appoint an *agent* at an adjourned term of its March meeting, for the purpose of settling difficulties between such town and an individual, without any notice for that purpose in the warning of said meeting?

2. Has an agent, appointed for the purpose of "*compromising*" difficulties subsisting between a town and a third person, power to submit such difficulties to the arbitration of individuals mutually chosen by him and such third person?

3. Did the evidence offered by the plaintiff for that purpose show a sufficient recognizance of the acts of the agent by the town, to bind them?

4. Did the court below err in rejecting the testimony (the award being made to settle a difficulty in relation to laying out a road over plaintiff's land) offered by the defendant?—1st, That the land over which the road was laid belonged to the *defendant* by prescrip-

ESSEX,
*March,*
1836.

Schoff
*vs.*
Bloomfield.

tion.—2d, That the selectmen had no authority to lay out a road over the land of plaintiff—and, 3d, That the plaintiff had kept the road fenced up since the award.

*First*—Towns, like all other incorporations, are confined strictly to the exercise of the powers granted them by the legislature. (1 Swift's Dig. 69.) The "act regulating town meetings, and the choice of town officers," (Stat. 408–9,) authorizes the several towns in this state to make choice of certain officers at their annual March meeting, and to transact such other business as is therein named. Can they travel beyond their charter, and do business without authority?

The act is a public one, which every body is bound to notice; and the powers conferred by it, are supposed to be well known. It gives no authority to appoint an agent; and the freemen of a town might well say they were taken by surprise, if at a March meeting, an agent for any purpose was appointed, without notice in the warning. *They* cannot know that such business is to be transacted; and, believing that the meeting will confine itself to the exercise of the power granted in the 3d and 14th sections of the act, they may remain at home; while, had they known that *other* business was to be transacted, they would have been present at the meeting.— Such a doctrine is absurd. Ten men might bind the whole town, composed of two hundred voters, without their knowledge, and contrary to their will. With, or without notice, an *annual March meeting* have no power to do *any business* other than what is named in the 3d and 14th sections, unless they first comply with the 15th and 16th sections of the act regulating town meetings.

*Second*—Stevens was a *special agent.* A *special agent*, to bind his principal, must pursue his authority *strictly* (Paley on Agency, 164—Cox Dig. U. S. Rep. 48) in form as well as substance.—5 Mass. R. 37, ——— vs. *Hovey.*—3 T. R. 757—5 John. R. 58, *Nixon* vs. ——— *et al.*—1 Sw. Dig. 327.

The agent had no authority to arbitrate. The words of his appointment are, "*to compromise.*" He could not delegate his authority and authorize others to settle the difficulty.—Hovenden on Frauds, 1 vol. 177—1 Sw. Dig. 332.

One *partner* cannot submit a partnership difficulty with another so as to bind the firm.—Kyd on Awards, 42.

An *attorney* cannot submit any matter to arbitration for his client without express authority for that purpose.—4 Hayw. (Tennessee) Rep. 65, *Haynes* vs. *Wright*—2 McCord's Chan. Rep. 406, *Smith* vs. *Bozzard*, cited in Hovenden on Frauds, 262, 2d vol.—

1 Sw. Dig. 466—1 Ld. Ray. 246, *Bacon* vs. *Duberry*, misreci-   Essex
ted in 1 Swift, 466.                                                  *March,*
                                                                     1836

*Third*—The *selectmen* could not recognize the acts of the agent   Schoff
so as to bind the town. *They* were mere agents themselves.          *vs.*
                                                                     Bloomfield.

*Fourth*—The court below did err in rejecting the testimony of-
fered by the defendant; and,

1. The submission was a claim of damages for laying out a road
over the *plaintiff's* land. If the land belonged to the *defendant*,
the arbitrators passed upon a subject not submitted, and the award
is void. The defendant offered to show that such was the fact.

2. The statute (p. 427) authorizes the selectmen to lay out
roads upon *petition of three freeholders*, &c. If the selectmen
had not authority, they were trespassers   Now what was submit-
ted to the arbitrators? A claim for damages for the tortious acts of
the selectmen of Bloomfield! And the award was that the town
should pay $55 50, but no release or discharge was awarded.—
The plaintiff may sue the *selectmen* at any time, and recover of
them for the trespass. If the selectmen were *trespassers*, the *town*
had nothing to submit. The plaintiff could still claim his damages
for the road, when it was certified to be open, according to the stat-
ute.—1 Saund. R. 327, *Veale* vs. *Warner*.

3. The defendant should have been permitted to show that the
plaintiff had kept the road fenced up since the award. What was
the consideration for the $55 50 awarded? Was it that the town
should enjoy the right of using the road, undisturbed by the plain-
tiff? If so, then the plaintiff was bound to comply with the award;
and in fencing up the road, he has deprived himself of any right to
recover. On any other ground, the award is void for want of mu-
tuality.—1 Saund. R. *Veale* vs. *Warner* 327.

Nothing is awarded to the defendant as a consideration for the
$55 50 given to the plaintiff, and nothing but the *right to use the
road* can be implied as a *consideration*: so that if the plaintiff in-
terrupts the defendant in the enjoyment of *that* privilege, the only
possible consideration that can be imagined has failed. No *release*
was awarded, no *right of way*,—no *deed*; and, in short, no consid-
eration ever passed, upon which to base the award.

The plaintiff still has his land—keeps the road fenced up—has
his right of action against the selectmen; and if the town attempts,
without further authority, to open the road, *he may sue them as
trespassers*; or, if the selectmen obtain authority, and proceed le-
gally to open the road, he still has a claim for his damages.

*The award is void.*

*Mr. Heywood for plaintiff.*—1. The first question in this case is, whether it was necessary in order to the appointment of Mr. Stevens as agent, that the warning of the March meeting should contain the subject matter of the vote.

The appointment of Mr. Stevens was at a meeting in April, adjourned from the annual March meeting.

It is provided by statute, (p. 411, sec. 8,) that all matters and things required to be done at the annual meeting in the month of March, may be done at any adjournment of said meeting in the month of April succeeding.

The statute does not require that the subject matter of any thing to be transacted shall be specified in the warning of the annual meeting,—(p. 408, sec. 1.) This would be a very inconvenient practice, as it would be impossible for the selectmen to foreknow all of the many affairs necessary to be acted on by the town at that meeting. Every inhabitant knows that various affairs of interest to the town will be transacted at that meeting; and if he chooses, he can be present. But when a special meeting is warned, it is provided by the statute that the subject matter to be transacted shall be inserted in the warning (p. 414, sec. 15 & 16); and unless the subject matter is so specified, the business transacted at the meeting is not valid. It is evident from the provisions in the 15th and 16th sections, examined in connexion with the 1st section of the same act, that the legislature did not intend that the subject matter to be transacted, should be inserted in the warning of the annual March meeting of the town.

2. The second objection is, that the vote passed, gave no authority to the agent to compromise this difficulty by arbitration.— The vote was, "that Joseph Stevens be an agent for the town, to compromise with Orlando Schoff about the road going through his land."

This vote constituted Mr. Stevens an agent, with general and indefinite powers, to compromise the difficulty. It is a rule of law, that powers shall be construed liberally and beneficially. Mr. Stevens was made an agent for the purpose of having the business settled, and if he could not settle with the plaintiff by agreeing upon the damages, the appointment would be a nullity, unless he could arbitrate the difficulty. It was for the interest of the town to have the matter settled without litigation; and to compromise disputes by arbitration, is a method recognized and highly favored by law.

After the award was brought in, the agent expressed himself satisfied with it, which may be equivalent to an agreement by the

Essex,
March,
1836.

Schoff
vs.
Bloomfield,

agent to pay that sum to settle the matter in dispute, without the aid of arbitrators, which would be clearly within his authority.

The vote of the town, raising $30, and as much more as necessary to pay the plaintiff, shows that there was a debt of $30 or more due the plaintiff from the town, and that the verdict in this case is just.

An agent of a town, appointed to prosecute a suit, has authority to refer the suit pending.—*Inhabitants of Buckland* vs. *Inhabitants of Coventry*, 14 Mass. R. 396.—Pailey on Agency, 425, referred to.—1 Caine's R. 324, *Lyle* vs. *Closon.*

3. The defendants say that this verdict should be set aside because the court rejected evidence offered to prove that the land over which the road was laid, belonged to the town; and also evidence to show, that the selectmen had no authority to lay out a road over the land of the plaintiff.

This proposition was to go into the merits of the question decided by the arbitrators, and of course could not be admitted.

It is evident that there was a matter in dispute, which was sufficient, though the ownership of the land might be doubtful. And it was of no consequence how illegally the road was laid, inasmuch as it *was* laid, and there arose a difficulty about the damages to be paid to the plaintiff, sufficient to become the subject matter of arbitration. The award must be conclusive, and cannot be overhauled by showing that the arbitrators misjudged.

4. If the plaintiff fenced up or obstructed the highway, it was an offence for which he was liable to be proceeded against under the statute (see p. 433, sec. 16); but it can be no defence to this action that he so obstructed the road.

The highway act, (p. 427, sec. 1,) provides that the selectmen may lay out highways, so that no damage be done to any person through whose lands such road shall be laid, without due recompense from such town, as the selectmen and parties interested shall agree. And if they do not agree, the selectmen are directed to assess and tender the damages before they open the road. From this statute, it appears that the damage is complete, and should be paid before the road is opened. In this case, it appears that the road was laid, and the damage to be paid was fixed by this arbitration; but it does not appear that the road was ever legally opened, and therefore nothing appears why the plaintiff might not legally obstruct the road.

The opinion of the court was delivered by

Redfield, J.—The vote of the town meeting, appointing an agent, is objected to for the reason that the subject is not named in the warning. This was the annual March meeting. For the adjournment to April being provided for by statute, is but a continuation of the same meeting. And all business which may be legally transacted at the stated March meeting, may, by express provision of the statute, be done at the adjourned meeting. And no statute requires that the subject matter of business to be done at this meeting, should be specifically named in the warning. And as the statute does require this in all special meetings of the town, it does, by fair implication, excuse it in reference to the stated annual meeting. At this meeting, it is well known that the town will transact all matters necessary to their corporate interests, and the i..habitants are bound to take notice of that fact, and are bound by the votes of the town, on any such subject, whether they attend or not. Such, we believe, was the contemporaneous construction of this statute, and such has been the uniform practice. This, of itself, would now have the force of law. The subject matter of this agency being a claim of damages for laying out a highway across plaintiff's land by the selectmen of the town, is most clearly within the ordinary scope of the corporate interests of the town.

The next inquiry is, was the submisson to arbitration by agent, within the scope of his authority? He was appointed for the purpose of compromising this claim for damages. This compromise he certainly had authority to make in any of the ordinary modes of compromising similar matters. For although he was in one sense a *particular* agent, i. e., to compromise this *one* claim, he had *general* powers, so far as this claim was concerned, and was not therefore in the restricted sense, a *special* agent. He might effect the objects of his appointment in any of those modes, which it is to be presumed the town would have expected him to resort to. Damages had not been assessed to the satisfaction of the plaintiff by the selectmen. He had therefore a right of appeal. On this appeal the question would be settled by the umpirage of a committee selected by the parties and magistrate before whom the appeal was brought. This would of course be in the mind of the town. The appointment of this agent was doubtless to save expense and delay. We think he might "compromise" by agreement with the plaintiff for any less sum than that claimed, or he might agree to pay the same sum claimed. And we see no good reason why he might not resort to any other mode of compromise which must be as benefi-

Essex,
March,
1836.

Schoff
vs.
Blomfield.

cial as this by agreement. First, then, he should attempt an agreement as he did. This failing, he might resort to arbitration, which is almost the only other mode of compromising disputed claims, and one so common as must have been in the mind of the inhabitants in conferring the agency. He clearly might refer it, and then agree to give the sum awarded, after he should know it, which was the fact here. And we also consider he might, in the proper sense, refer or arbitrate the matter.—*Inhabitants of Buckland* vs. *Inhabitants of Coventry*, 14 Mass. R. 396.

The cases relied upon by defendants' counsel as being analogous to this, where it has been held that one partner cannot bind the firm by submission to arbitration, by contract under seal, are not in point. One partner has no implied authority to compromise a contested claim, without consulting the other members of the firm. And never can one man, without a special power, execute a bond for another. Such authority must always be express, and will never be implied. The submission and award so follow and coincide, that the town are bound by the award, unless some fatal mistake or fraud or corruption in the arbitrators can be shown. This is not attempted.

The remaining arguments against the validity of the award, refer to the state of the controversy anterior to the submission. This is now merged in the new contract. And to allow an inquiry into the state of the rights of the parties previous to the submission, with a view to avoid the award on the ground of want of consideration to the contract of submission, would be to avoid every compromise, whether by agreement or award of arbitrators.

If the plaintiff, after the award, still persisted in keeping up his fences across the road, this would not avoid the award, but leave the town to their remedy under the general laws. Indeed, the plaintiff would have a right to keep up his fences until the road was opened in the mode prescribed by statute.—*Patchin* vs. *Doolittle*, 3 Vt. R. 462.—*Patchin* vs. *Morrison*, 3 Vt. R. 590.

                                        Judgment affirmed.