Hon. ISAAC F. REDFIELD,
Hon. DANIEL KELLOGG,
Hon. HILAND HALL,
Hon. CHARLES DAVIS.
} ASSISTANT JUDGES.

---

### JOSEPH DIX *v.* TOWN OF DUMMERSTON.

Under the Revised Statutes the selectmen of a town have power to submit to arbitration any such claims against the town, as they are, by the statute, authorized to audit and adjust; and the town will be bound by an award made in pursuance of such submission.

In this case a claim was preferred against a town for building a bridge, and the selectmen of the town agreed with the claimant, by writing under seal, to submit the matter to arbitration; and it was held, *that* the town was bound by the award made in pursuance of such submission.

DEBT on an award. The plaintiff alleged, in his declaration, that, certain difficulties having arisen between him and the town, in reference to a claim preferred by him against the town for build-

Dix *v.* Dummerston.

ing a bridge in the highway district for which he was highway surveyor, the town, by their selectmen, and the plaintiff, by writing under seal, October 5, 1844, submitted the same to the arbitrament and final determination of Oscar L. Shafter, an arbitrator mutually chosen by the parties ; that a hearing was duly had, and the arbitrator awarded, that the town should pay to the plaintiff $142,07, and his cost, taxed at 18,63 ; and that the town had neglected to comply with the terms of the award. The defendants pleaded, among other pleas, that the submission was entered into by the selectmen of the town, without the authority, or consent, of the town, and that the town had never adopted or approved of the submission, or accepted the award. To this plea the plaintiff replied, that, at the annual March meeting of the town, holden in the year 1844, Martin Moore, John B. Miller and Asa Boyden were duly elected and chosen selectmen of the town for the year then next ensuing, with all the powers incident by law to that office, and that, by virtue of those powers, said Miller and Boyden did, for and in behalf of the town, make and sign the said submission, and submitted the said claim to arbitration, *absque hoc* that the said submission was made and entered into by the selectmen without the authority and consent of the town. To this replication the defendants demurred.

The county court, April Term, 1845,—WILLIAMS, Ch. J., presiding,—adjudged the replication sufficient ; to which decision the defendants excepted ;—and, the other issues having been determined in favor of the plaintiff, the case was passed to this court.

*Bradley & Walker* for defendants.

The powers of selectmen are derived wholly from the statute ; and there is no pretence, that specific power is given to them to submit to arbitration any dispute, in which the town is interested. The only general power is given them in sect. 41, Chap. 13, of the Revised Statutes, which provides, that they shall have the general supervision of the concerns of the town. This is limited and defined by what follows in the same section ; and this limitation was enacted after the decision in *Middlebury* v. *Rood,* 7 Vt. 125. The statute has also pointed out specific duties for selectmen. The only reasonable construction of the whole statute is, that, besides the power specially given, they have no power, except to cause all duties,

required by law of towns and not committed to the care of any particular officer, to be duly executed. For if, in sect. 41, general power was intended to be given, the specific power afterwards given would have been needless. *Griswold* v. *N. Stonington*, 5 Conn. 367. *Middlebury* v. *Rood*, 7 Vt. 125. To refer a disputed claim is no duty; and if it were, it devolves upon the town agent, and is, therefore, by necessary implication, prohibited to the selectmen. Rev. St. 87, § 13. *Middlebury* v. *Rood*, 7 Vt. 125. *Buckland* v. *Conway*, 16 Mass. 396. This power cannot be inferred from the authority given to selectmen to audit and allow accounts against the town. They are made agents for this purpose, but with no power of substitution. That the legislature never intended that selectmen should have the general power of submission to arbitration is shown by the fact, that, in one particular instance, it has given them that power. Rev. St. 126, § 16. This court, in *Schoff* v. *Bloomfield*, 8 Vt. 472, held, that an agent, expressly authorized to compromise a claim, might refer it to arbitration. This decision is entirely consistent with the definition of the word *compromise.*

That the power to audit and allow accounts does not, in all instances, if in any, carry with it, by implication, the power to submit to arbitration is forcibly illustrated in the law of partnership. Partners have the right and power to bind each other by a release, by the compromise of a debt, by admissions of indebtedness, by settlements, and in various other ways. Yet they have no power to bind each other by submission to arbitration, either by the civil or common law. Com. Dig., Arbitrament D 2. Story on Part. 169, 172. Collyer on Part. 238, 260. *Hind* v. *Last*, 3. Bing. 101. *Karthaus* v. *Ferrer et al.*, 1 Pet. 221. *Buchanan* v. *Curry*, 19 Johns. 137. *McBride* v. *Hagan*, 1 Wend. 326. The reason seems to be, that partners have no implied authority, except so far as it is necessary to carry on the business of the firm, and that an authority to submit is not thus necessary, and that the exercise of such a power would go to deprive other partners of their legal rights and remedies in the ordinary courts of justice, without their consent. 3 Kent 149. Story on Part. 170.

These cases apply with much greater force in cases like the present. Whenever courts have been called upon to adjudicate in relation to the powers of selectmen, they have not been inclined to ex-

Dix v. Dummerston. .

tend them. In *Angel* v. *Pownal,* 3 Vt. 461, it was decided, that selectmen have not power to discharge the interest of a witness. In *Middlebury* v. *Rood,* 7 Vt. 125, it was decided, that selectmen could not receive money due to the town and discharge the debt. It would seem, that they cannot bind the town by admissions; *Spencer* v. *Overton,* 1 Day 323; nor by an accord; *Leavenworth* v. *Kingsbury,* 2 Day 183. And it has been expressly decided in Connecticut, under a statute similar to ours, but more unlimited, that selectmen could not bind the town by a submission and award; *Griswold* v. *N. Stonington,* 5 Conn. 367.

*A Keyes* for plaintiff.

It was decided in Connecticut, that selectmen had no power to commence suits, or submit the claims against the town to arbitration; *Griswold* v. *N. Stonington,* 5 Conn. 367; for the selectmen, as had been decided, had no power to settle claims against the town; *Leavenworth* v. *Kingsbury,* 2 Day 323. Immediately upon these decisions the legislature gave the selectmen the power to settle those claims; Rev. St. of Conn. 545. Undoubtedly such would have been the decision under our old statute; for that statute, authorizing the appointment of selectmen " to superintend the prudential affairs of the town," went on and specified their duties, but gave them no power to settle claims ; *Middlebury* v. *Rood,* 7 Vt. 125; but that power is now expressly given by statute; Rev. St. 91, § 47. It was decided in *Schoff* v. *Bloomfield,* 8 Vt. 472, that a special agent, appointed to settle and compromise a claim against the town for damages by reason of laying a highway, might refer the same to arbitration. If an agent, appointed to settle a single claim, has this power, it is difficult to see why the selectmen, who are agents of the town to audit and settle all claims, should not have the same power. If they have the power to *settle,* they have such an agency in the claims for and against the town, that they can sue and defend; and if so, they can refer the same by rule of court, or submit to arbitration. *Buckland* v. *Conway,* 16 Mass. 396. *Boston* v. *Brazer,* 11 Mass. 447. *Schoff* v. *Bloomfield,* 8 Vt 472.

The opinion of the court was delivered by

HALL, J. The only question made in this case was, whether the

34

selectmen of the town, by virtue of their general power as such, had authority to make a submission to arbitrators of a claim of the plaintiff for building a bridge for the town.

In the case of *Angel* v. *Pownal*, 3 Vt. 461, and also in *Yuran* v. *Randolph*, 6 Vt. 369, it was held, that the selectmen could not, without a vote of the town, release the interest of a witness in a suit, so as to render him competent to testify; and in *Middlebury* v. *Rood*, 7 Vt. 125, it was held, that the selectmen, as such, had not authority to receive money collected on an execution in favor of the town and discharge the same. These decisions were, however, made under the provisions of the old statute, which merely authorized the selectmen to "superintend the prudential affairs of the town." Under a statute in Connecticut, somewhat similar, it appears to have been held, that the selectmen of a town had no authority to submit a claim against the town to arbitration; and it would be difficult, under such a general power, to find authority for making such a submission.

The Revised Statutes of this state have, however, greatly extended the powers of selectmen. By section 47 of chap. 13 they are empowered and directed "to audit, and, in their discretion, to allow, the claim of any person against the town *for money paid*, or *services performed*, for the town, and to draw orders on the treasurer for the sums so allowed." The claim of the plaintiff for services rendered the town in building a bridge was clearly one, which the selectmen had the power to audit and allow, as agents of the town, and bind the town to its payment.

In *Schoff* v. *Bloomfield*, 8 Vt. 472, it was held, that an agent, specially appointed by vote of the town *to compromise* a claim against the town for damages occasioned by the laying out of a highway, had authority to submit the claim to arbitration, and that the town was bound by the award of the arbitrators. It would be difficult, I apprehend, to maintain, that the selectmen have a more restricted authority, in regard to such claims as they have the power, in their discretion, to audit and allow, than had this special agent, in regard to the particular claim, which he was empowered to adjust. In fact, the principle of that case appears to be identical with this, and must, we think, govern its decision. If this power of the selectmen, which seems necessarily to result from their power of adjusting and

allowing claims against the town, is found to be injurious to towns, the legislature can apply the remedy.

We do not intend to say, that selectmen have authority to submit all controversies of their towns to arbitration. Questions in regard to the settlement of pauper's claims, for damages for injuries occasioned by defective highways, and doubtless many others, would rest upon different grounds. In regard to such cases nothing is intended to be concluded. Our decision applies only to such claims, as the selectmen are authorized to audit and adjust.

The judgment of the county court is affirmed.