BROWN (HANDY v.). See Case No. 6,019.

## Case No. 2,009.

BROWN et al. v. HARTFORD FIRE INS. CO.

[Brunner, Col. Cas. 663;[1] 21 Law Rep. 726.]

Circuit Court, D. Massachusetts. 1858.

PRACTICE — ARREST OF JUDGMENT — PLEADING — REPLICATION TO SHOW EQUITABLE TITLE — INSURANCE — ACTION ON POLICY FOR BENEFIT OF CESTUI QUE TRUST—TRUSTEE—POWER TO BIND CESTUI QUE TRUST.

1. A defendant cannot have a judgment non obstante veredicto; he can only move in arrest, if the state of the record does not warrant a judgment upon a verdict for the plaintiff.

2. A replication may set up the title of the equitable plaintiff and notice thereof to the defendant, and thus show the asserted bar to be in fraud of such rights.

3. Where one procures insurance on property held by him in trust, and pays the premium as such trustee, and by the express terms of the policy the insurance money is made payable in case of loss to the cestui que trust, and it does not appear that the trustee had any interest in the insurance, or any authority from the cestui que trust to adjust the loss, or to receive the insurance money, the trustee cannot bring the action to recover it.

[See Lyman v. Bank of U. S., 12 How. (53 U. S.) 225; Gaither v. Farmers' & Mechan-

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

ics' Bank, 1 Pet. (26 U. S.) 37; Baker v. Whiting, Case No. 787; also, Stone v. Bishop, Id. 13,482.]

4. If a trustee who has procured such insurance be empowered by the cestui que trust to adjust the amount of the loss, and sue for its recovery, he may refer to arbitration the question what is due on the policy, and an award pursuant to the submission binds the cestui que trust.

[See Phelps v. Harris, 101 U. S. 370.]

At law. This was an action of assumpsit [by George O. Brown and others against the Hartford Fire Insurance Company] on a policy of insurance. [There was a trial and a special verdict, and defendant moved for judgment non obstante veredicto, which, being treated as a motion in arrest of judgment, was granted.]

As the case turned entirely on the particular allegations in the pleadings, their substance is here inserted. The declaration was, in substance, as follows: "For that the plaintiffs, as trustees of Thomas Brown, as aforesaid, on the 1st day of November, A. D. 1851, were interested in a certain stock as contained in their 'Rubber Works,' situated on Dorrance street, in said Providence, to the value of twenty-five hundred dollars, and so continued interested therein as trustees as aforesaid until the destruction of said stock by fire, as hereinafter mentioned; and the said defendants afterwards, to wit, on the same day, in consideration of a premium in money, then and there, to wit, at said Providence, on the day last aforesaid, paid to them therefor by the plaintiffs, trustees as aforesaid, made a policy of insurance upon the stock above described, belonging to said plaintiffs as trustees as aforesaid, signed by the president and secretary of said company, and countersigned by J. Andrews, then agent of said defendants in said Providence, on said 1st day of November, A. D. 1851, (which said policy is here in court ready to be produced), and thereby promised the plaintiffs to insure the aforesaid sum of twenty-five hundred dollars on said stock above described, from the 1st day of November, A. D. 1851, at noon, unto the 1st day of November, 1852, at noon, and did therein promise and agree to make good unto the assured as aforesaid, their executors, administrators, and assigns, all such immediate loss or damage, not exceeding the said sum assured, as should happen by fire to said above described property during the aforesaid period, etc., said amount to be paid to said Thomas Brown. And the plaintiffs as trustees as aforesaid, further aver that said policy was from time to time renewed by said defendants; and that afterwards, to wit, at said Providence, on the 1st day of November, A. D. 1854, in consideration of a certain premium, to wit, the sum of sixty-two dollars and fifty cents, then and there paid to said defendants by said plaintiffs as trustees as aforesaid, the said defendants then

and there renewed said policy of insurance in writing, signed by the president and secretary of said company, and countersigned at said Providence on said 1st day of November by said Job Andrews, the agent of said company in said Providence, as aforesaid, and continued said policy in force for one year, to wit, from said 1st day of November, A. D. 1854, until the 1st day of November, A. D. 1855, at noon, upon the conditions, and subject to all the restrictions and limitations contained and set forth in said policy, and subject to all the conditions above set forth (which said renewal of said policy is here in court ready to be produced). And the plaintiffs, trustees as aforesaid, further aver that afterwards, and before the expiration of the time limited in said policy as renewed as aforesaid, to wit, on the 13th day of April, A. D. 1855, the said stock of goods so insured as aforesaid by said defendants was accidentally and by misfortune totally consumed by fire." (The declaration averred notice, proof, and the performance of all conditions precedent stipulated in the policy, and concluded): "Yet, though requested, and though sixty days after such notice and proof of said loss have elapsed, the said defendants have never paid the sum aforesaid to the plaintiffs as trustees as aforesaid, nor any part thereof, but have refused, and still do refuse, to pay the same."

The first plea, which alone need be given, was as follows: "And the defendants come and defend the wrong and injury, when, etc., and say that the plaintiffs their action against them the defendants ought not to have and maintain, but from having and maintaining the same ought to be precluded and barred, because they say that after the making of the said several promises in said declaration mentioned, and before the commencement of said suit, viz., on the 8th day of May, A. D. 1855, at said Providence, the plaintiffs, and the defendants, and also the Roger Williams Insurance Company, a corporation located in said Providence, who had also theretofore made an insurance for the plaintiffs, upon the same property named in the plaintiff's declaration, and in the same sum as the sum named in the policy of insurance made by the defendants, submitted themselves to the arbitration of Leander M. Ware and Henry Whitman, of said Providence, in relation to the loss and damage by fire on the stock of India rubber and other articles designated in the policy of insurance named in the plaintiffs' declaration, and then and there agreed to abide by and perform the award of the said Leander M. Ware and Henry Whitman, of and concerning the matters aforesaid. And the defendants further say that the said arbitrators accepted the said appointment, and after giving due notice to the said parties of the time and place by them appointed for meeting the said parties, and hearing their several pleas and evidence, met the

said parties for said purpose, and after hearing them and their several allegations and evidence, and duly considering the said matters submitted to them, did afterwards, to wit, on the 24th day of May, A. D. 1855, at said Providence, make their award of and concerning the premises to them submitted as aforesaid, and thereby awarded, ordered, judged, and determined in the said premises, that damage by fire on the said stock of India rubber and other articles, designated in said policies of insurance insured by the said Roger Williams Insurance Company, and the said Hartford Insurance Company, to the amount of twenty-six hundred dollars, and that one half part of said sum should be paid to the plaintiffs by the defendants, in full for the said loss and damage sustained by the plaintiffs under the said policy issued by the defendants. And the defendants further say, that the plaintiffs afterwards, viz., on the same day, at said Providence, had notice of the said award, and thereupon the defendants on the same day, at said Providence, offered to pay to the plaintiffs the sum of thirteen hundred dollars, being the one half part of the said sum of twenty-six hundred dollars, so awarded as aforesaid to be paid by them, which the plaintiffs then and there refused to receive; and from the said day they, the defendants, always have been, and still are, ready to pay the said money to the plaintiffs, and they here produce the same sum of money in court, ready to be paid to the plaintiffs, if they will receive the same; and this defendants are ready to verify. Wherefore they pray judgment if the plaintiffs their said action shall have and maintain, and for their costs. By their Attorneys, Tillinghast & Bradley."

The replication to the first plea was as follows: "And the said plaintiffs as to the said plea of the said defendants, by them first above pleaded, say that the said plaintiffs, by reason of anything in that alleged, ought not to be barred from having or maintaining their aforesaid action thereof against the said defendants, because they say, that in and by the terms and provisions of the said policy of insurance, made and issued by the said defendants to the said plaintiffs, they, the said defendants, therein and thereby promised and agreed to and with the said plaintiffs to pay the said sum of twenty-five hundred dollars, the amount thereby insured against loss or damage by fire, to Thomas Brown, therein named, he, the said Thomas Brown, at said time having an interest in said property thereby insured to the full amount of the said twenty-five hundred dollars, and secured by mortgage thereupon to the knowledge of said defendants, as will appear by said policy, in court ready to be produced. And the plaintiffs aver that the said sum of twenty-five hundred dollars, the amount therein and thereby insured by the said defendants in said policy of insur-

ance, belonged to and ought to have been paid to the said Thomas Brown, he, the said Thomas Brown, at the time of said fire being interested in said property thereby insured, by mortgage upon the same to the full amount insured thereon by said policy by the said defendants, as by them agreed in said policy of insurance; and that the said Thomas Brown did not submit the matters and things in the defendants' said plea mentioned to the arbitrament and award of the said Leander M. Ware and the said Henry Whitman, nor is the said Thomas Brown made a party thereto; and this the said plaintiffs are ready to verify. Wherefore they pray judgment, and their full damages which they have sustained in this behalf to be adjudged to them, and for their costs. By their Attorney, T. A. Jenckes."

Upon this issue was taken that Brown was a party to the submission. The jury found that the said Thomas Brown, in the said pleadings mentioned, did not submit the matters and things in the defendants' first and third special pleas mentioned to the arbitrament and award of the said Leander M. Ware and Henry Whitman, and that the said Brown was not a party to said submission. After verdict the following motion was filed: "The defendants in said cause move for judgment in their favor upon the verdict of the jury on the first and third special pleas in said cause. By their Attorneys, Tillinghast & Bradley."

Jenckes, for plaintiffs.
Tillinghast & Bradley, contra.

CURTIS, Circuit Justice. The defendant moves for a judgment non obstante veredicto. Such a judgment may be rendered in favor of the plaintiff when the cause of action shown by the declaration is confessed by the plea and no bar pleaded. But a defendant cannot have such a judgment. He can only move in arrest of judgment if the bar shown by the plea be sufficient, and the matter found by the verdict does not answer it. Smith v. Smith, 4 Wend. 468; Schermerhorn v. Schermerhorn, 5 Wend. 513; Bellows v. Shannon, 2 Hill, 86. Still, this motion may be treated as a motion by the defendant to arrest the judgment, as was observed by the court in the case above cited from 5 Wend. It is, in effect, a motion to arrest the judgment for the plaintiff, and render one for the defendant; and though the latter cannot be done, it is necessary to consider whether or not the former should be ordered.

The ground taken by the defendants' counsel at the argument was, that as the first and third pleas showed a sufficient bar as against the plaintiffs, on the record, it was not competent for them by their replication to show that a third person had an equitable interest which ought not to be affected; that the award barred the action by these

plaintiffs, and therefore barred it as it respects every third person, whatever his equitable interest might be, so long as he should pursue his rights in their names. The authorities cited show this to be the rule in Westminster Hall. Gibson v. Winter, 5 Ad. & E. [5 Barn. & Adol.] 96; Wilkinson v. Linds, 7 Mees. & W. 81; Phillips v. Clagett, 11 Mees. & W. 84. For though the courts of law there will protect the title of the equitable owner of a chose in action, by refusing to receive a plea which is in fraud of his rights, they will not allow those rights to be shown, by way of replication, to what is a good plea in bar of the action of the plaintiff, nor will they permit those rights to be relied on at the trial. But the practice, not only of the courts of the United States, but, I apprehend, of most other courts in this country, is otherwise. In Welch v. Mandeville, 1 Wheat. [14 U. S.] 233, the defendant pleaded a settlement with the plaintiff of a former suit for the same cause of action. The plaintiff replied an assignment of the claim to a third person, with notice thereof to the defendant before the alleged settlement, and that such third person was prosecuting this action for his own benefit in the name of the plaintiff. The defendant demurred. The supreme court held the replication good. A similar decision was made by Mr. Justice Washington in Corser v. Craig [Case No. 3,255], and by the supreme court of New York in Briggs v. Dorr, 19 Johns. 95. In Jones v. Witter, 13 Mass. 304, the supreme court of Massachusetts allowed the equitable title and notice of it to be shown at the trial, in answer to a defense of payment to the plaintiff on the record. In Warren v. Emerson [Case No. 17,195], this court allowed the defendant to avail himself of his equitable ownership of the claim to defeat the plaintiff's action thereon. Many other cases might be cited, but these are sufficient to show that if it appears from the record that the suit is rightly brought in the name of the plaintiff, for the benefit of a third person, and is not passed as against him, the judgment should be rendered on the verdict, although as against the nominal plaintiff the action is barred.

The first question therefore is, whether it appears from the record that the suit is rightly brought in the name of the plaintiffs. The case shown by the declaration is, that the plaintiffs, as trustees for one Thomas Brown, being interested in certain goods, obtained a policy of insurance thereon, to be underwritten by the defendants, in consideration of a certain premium paid by the plaintiffs as such trustees; and by the policy the defendants promised the plaintiffs to make good the loss by fire which might happen to the goods by paying the amount of such loss to the said Thomas Brown; that a loss had occurred, and had been duly notified to the defendants, and all conditions precedent stipulated by the policy complied with, but the defendants had not paid the loss to the plaintiffs. The question is, whether the plaintiffs can, upon this state of facts, maintain an action in their own names to recover the amount of the loss. It does not appear that they had any interest in the property, or in the insurance, except as trustees; they held the property and paid the premium in that capacity; by the express terms of the policy the amount of the loss was made payable to their cestui que trust; and it is not averred that they were empowered by him to bring the action. Though it is sometimes true that where insurance is effected by an agent or trustee in his own name for his principal or cestui que trust, the former may maintain the action; he cannot do so where it appears he has no interest in the insurance, and no authority from his principal or cestui que trust to sue, and the policy expressly makes the money payable to the principal or cestui que trust. Reed v. Pacific Ins. Co., 1 Metc. [Mass.] 166. In such a case the sole beneficial promise is, at all events, made to the principal or cestui que trust; and though the agent or trustee stands as nominally insured in the policy, yet the face of the policy, as well as the substantive facts dehors the policy, show that the right of action is not in him. And if the court were to render a judgment in favor of the agent or trustee, it could not be a bar to another action for the amount of the same loss, brought by the party to whom, upon the facts as well as upon the face of the policy, the money actually belongs.

I am therefore of opinion that it does not appear, upon the face of this record, that the plaintiffs had the legal right of action in their own names, on this policy. I think the action should have been brought, in the case stated by the declaration, by the person to whom, by the terms of the policy, the money was payable, who alone was interested in the insurance, and who had not authorized the suit. See Jefferson Ins. Co. v. Cotheal, 7 Wend. 72; Farrow v. Commonwealth Ins. Co., 18 Pick. 53; 2 Phil. Ins. § 1971. But if this were otherwise, I do not think the plaintiffs' claim to a judgment on this record could be sustained. If we assume that the plaintiffs, as trustees, were empowered to adjust and sue for this loss, without any further authority from their cestui que trust, how can we declare, upon this record, that they were not also empowered to refer to arbitrators the question, what amount was due. The selectmen of a town (Boston v. Brazer, 11 Mass. 449; Dix v. Dummerston, 19 Vt. 262), or the agents of a town appointed to prosecute or defend against a claim (Buckland v. Conway, 16 Mass. 396; Schoff v. Bloomfield, 8 Vt. 472), an executor, or administrator (Jones v. Deyer, 16 Ala. 221), or guardian (Weston v. Stuart, 2 Fair. 326; Weed v. Ellis, 3 Caines,

253), may submit to arbitration the matters under their charge. So it has been held by the supreme court (Alexandria Canal Co. v. Swann, 5 How. [46 U. S.] 83) that power to sue and be sued includes power to submit to arbitration; and that power to agree on the price of land embraces a power to arbitrate its price. Now the submission to arbitrators of the question what is due under a policy of insurance is not only a legal mode of ascertaining the amount, but it is not unusual in practice, and I do not remember ever seeing a policy of insurance which did not expressly stipulate for such submission. If, therefore, it be assumed that the plaintiffs, as trustees, had power to adjust and collect this loss, and to sustain a suit for it in their own names, how can I say, from anything which appears on this record, that they had not power to adjust the amount of the loss by an arbitration; and if they had, the failure to obtain the consent of the cestui que trust, which is the matter found by the jury, becomes immaterial, and the plea of a binding award remains unanswered.

There is one other view of the record. The plaintiffs insist that the award was not binding because the assent of the cestui que trust to the submission was not obtained. But they do not show any assent of the cestui que trust to this suit. Nothing appears to prevent him from instituting a suit at any moment in his own name to recover this loss. Upon the allegations of this record it was his interest which was covered, his money which was paid for the premium, and the loss is made payable to him. If the award was not binding for want of his consent, how can he be bound by a judgment in this case, no consent to have his right tried and determined in this action being shown?

Upon the whole matter, my opinion is that the judgment must be arrested.