## PARET v. THE CITY OF BAYONNE.

1. The attorney of a corporation may, in virtue of his retainer, consent to a reference of a cause, though he had no authority under corporate seal to appear, or to consent to a reference.
2. A municipal corporation has power to submit a controversy to arbitration, and its attorney may consent to a reference for it, unless it be disabled therefrom expressly by some provision in its charter, or impliedly from the nature of the subject matter in controversy.
3. Where the charter of a city authorizes the taking of lands for public improvements, and provides a special mode of ascertaining the value of the lands taken, and damages, by commissioners appointed in the manner and having the qualifications prescribed in the charter, that method of ascertainment is exclusive. The officers of the city cannot

make a valid agreement that the valuation of the lands and damages shall be determined by a submission to arbitration. Under such circumstances, the attorney of the city cannot consent to a reference.

In *assumpsit*. On application for judgment on award of referees, and counter application to set aside the award.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Collins & Corbin*.

For the defendant, *E. A. S. Man*.

The opinion of the court was delivered by

DEPUE, J.   An action pending in this court, brought by Paret against the city of Bayonne, and at issue, was referred to arbitrators, by agreement of the attorneys of the respective parties.   The reference was not made under Section 201 of the Practice Act, nor was it a submission to arbitration under Section 1 of the Arbitration Act. *Nix. Dig.* 30. The reference was a common law reference of a pending suit, such as is regulated by the third section of the act. *Nix. Dig.* 31; *Rev.; p.* 34.

It will be assumed that the attorney of a corporation may, in virtue of his retainer, consent to a reference of the cause, though he had no authority under seal to appear, or to consent to a reference, and that after award made, it will not be set aside on the supposed want of authority in the attorney to consent to the submission. *Faviell* v. *Railway Company*, 2 *Exch.* 344; *Alexandria Coal Company* v. *Swann*, 5 *How.* 83. As a rule of practice, this power results from the nature of the attorney's employment.   It will also be assumed that a municipal corporation has power to submit a controversy to arbitration, and that its attorney may consent to a reference for it, unless it be disabled therefrom expressly by some posi-

tive provision in its charter, or impliedly from the nature of the subject matter in controversy. *Dix* v. *Dummerston*, 19 *Vt.* 262 ; 1 *Dillon on Mun. Corp.*, § 398, *n.* Inasmuch as the powers of the agent cannot exceed those of his principal, from whom, and under whom, his authority is derived, the proper inquiry is whether the corporation had power to consent to the disposition of the subject matter of this suit in the manner adopted.

The city, by its charter, was authorized to take lands by condemnation under the right of eminent domain. The mode prescribed for appraising the value of lands taken, and damages, was by a board of commissioners of assessments, to be appointed by the common council, whose duty it was, not only to appraise the value of the lands taken, but also to make the assessment of the cost of the improvements upon property benefited. *Laws*, 1869, *p.* 371.

For the opening of First street, the city took certain lands of the plaintiff. On the 11th of December, 1871, the commissioners made their report of their assessments, in which was included an appraisement in favor of the plaintiff, of the value of his land and damages, and also an assessment against him for benefits. This report was filed on the 30th of January, 1872, and was not confirmed by the common council until the 21st of May, 1872. On the 22d of March, 1872, and before the approval of said report, a new charter of the city was passed, which required all assessments not then confirmed, to be referred. *Laws*, 1872, *p.* 686. On a *certiorari* prosecuted by the plaintiff, the assessment was, on the 21st of March, 1876, set aside by the Supreme Court, so far as concerned the plaintiff, for non-compliance with the act of 1872. This vacation of the report of the commissioners necessarily extended to the entire assessment, as it concerned the plaintiff, both as regards the appraisement in his favor, of his damages, and the assessment against him for benefits. Thereupon, this action was brought.

The propriety of the suit was sought to be vindicated on the ground that the charter provided no adequate remedy for

the recovery of compensation for lands taken, inasmuch as in the proceedings for ascertaining the value of the land and damages, the city was required to take the "initiative." The cases of *Reock* v. *Mayor of Newark*, 4 *Vroom* 129, and *Wheeler* v. *Essex Road Board*, *ante p.* 291, have set that question at rest. The remedy of the party aggrieved, for the failure to put in motion the statutory procedure, is by *mandamus*.

. But the constitutionality of the city charter is not in issue in this case. If the plaintiff desired to put the constitutionality of the act of incorporation under discussion, he should have sued in trespass or case, *in tort*, for an illegal entry on his lands, and the charter, being pleaded as a justification, its validity, under constitutional provisions, would have been presented. Instead of pursuing that remedy, the plaintiff sues in *assumpsit*, and counts upon an obligation to pay, arising upon contract. He declares that, whereas "the defendants, by their ordinance, entitled 'An ordinance to open, regulate, and grade First street, between Avenue O and Ingham avenue,' opened said street, and took certain lands of the plaintiff, of great value, to wit, of the value of $6000, in said city, for the purpose of said street, and then and there went into possession, and devoted the same to public use, and still retain possession of the same, and thereby greatly impaired the value of certain adjoining lands and premises of the plaintiff, whereby the defendants became liable to pay to the plaintiff the amount of the value of said lands and of the said damages, to wit, the sum of $6000, and, being so liable, then and there promised to pay to the plaintiff the said sum of $6000 when they should be thereunto afterwards requested." In this form of action, and under this declaration, the legality of the appropriation of the plaintiff's lands is admitted. He puts his right to recover on the question whether, from the facts stated, a contract on the part of the city to pay what a jury should find the lands to be reasonably worth, is a legal conclusion.

It is manifest from the declaration, as well as from the terms of the agreement of reference, and from the award,

that what the parties proposed was nothing more nor less than to obtain an appraisement of the plaintiff's lands in a way and by a tribunal different from that prescribed in the city charter.

The agreement of reference recites that the suit is brought for the recovery of the value of the plaintiff's lands taken, and the damages, and stipulates that the question of such value and damages shall be referred to T. Y. B. and I. C., as arbitrators; that the arbitrators shall "estimate the damages sustained for taking the sea-wall on said lands, and for the building taken, and shall estimate the damages to that portion of the building and sea-wall not taken, which naturally results from the taking and removal of the portions included in the lines of the street as opened."

It further provides that the assessments made by the commissioners of assessment, and confirmed May 21st, 1872, be accepted as correct, except as to value of land and property taken whereon plaintiff's sea-wall and stable were constructed, and except as to damages to the stable and sea wall, and to the lots lying between the street as opened and the Kill von Kull, resulting from said opening, and the taking of property, which shall be corrected; and that the "amounts fixed by the arbitrators shall be substituted for the amounts awarded in the assessment which was confirmed and set aside, and the balance which shall then appear to be due to plaintiff upon the whole assessment thus amended, shall be the amount which he shall be entitled to receive, and the plaintiff shall be entitled to judgment therefor, with interest."

The arbitrators, in their award, appraised the damages to the stable, carriage house and sea-wall at $1804, and the value of the lands taken at $3264.75, instead of the respective sums of $210 and $2176.50, as assessed by the commissioners. They also approve of the correctness of the original assessment in all other particulars, except as to certain designated lots named in the assessment, which they find were not owned by the plaintiff.

The charter of the city having provided a specific mode of

ascertaining the value of the lands and damages, that method of ascertainment is exclusive. An assessment in the manner, and by the tribunal prescribed, is the only foundation of a legal liability on the part of the city. 1 *Dillon on Mun. Corp.*, § 784; *City of Boston* v. *Shaw*, 1 *Metc.* 130; *Reock* v. *Mayor of Newark*, 4 *Vroom* 129.

Nor was it competent for the officers of the corporation to consent that an appraisement of damages should be made in a manner and by a proceeding different from that established by the charter. The officers of a corporation are agents, with only special powers such as are delegated to them by the act of incorporation, or such as are necessarily implied from the powers delegated. In making public improvements, at the expense and for the benefit of the owners of adjacent property, they are regarded as the agents of the individuals who, as owners of property benefited, may be called upon to contribute for the costs and expenses. *Bond* v. *Newark*, 4 *C. E. Green* 376; *Schum* v. *Seymour*, 9 *Id.* 143. In the performance of those functions they are required to conform strictly to the method of procedure prescribed. Nowhere have the principles on which these doctrines rest been more frequently enunciated, or strictly enforced, than by the courts of this state. *Carron* v. *Martin*, 2 *Dutcher* 594; *Kearney* v. *Andrews*, 2 *Stockt.* 70; *State* v. *City of Hudson*, 5 *Dutcher* 104; *Hoboken* v. *Harrison*, 1 *Vroom* 73; *State, Cochrane, pros.,* v. *Garrabrandt*, 3 *Vroom* 444; *State, Hoboken Land and Imp. Co., pros.,* v. *Hoboken*, 6 *Vroom* 205; *State, Story, pros.,* v. *Bayonne*, 6 *Vroom* 335; *State, Wilkinson, pros.,* v. *Inhabitants of Trenton*, 7 *Vroom* 499; *State, Chamberlain, pros.,* v. *Hoboken*, 9 *Vroom* 110.

The common council, not having the power to consent that the amount of the plaintiff's compensation should be determined in this manner, the consent of its attorney was a nullity.

The application to order judgment on the award is denied; but inasmuch as the suggestion of this course seems to have come from the defendants, no costs will be allowed.