LONSDALE COMPANY *vs.* CYRUS TAFT, Town Treasurer.

OCTOBER 16, 1912.

PRESENT: Johnson, Parkhurst and Sweetland, JJ.

*(1)   Town Meetings.   Business Required to be Transacted.*

Gen. Laws, 1896, cap. 37, § 8 (now Gen. Laws, 1909, cap. 47, § 8), provides that "The notice to the electors to meet in a town meeting prescribed by law shall be given by the town clerk issuing his warrant, directed to the town sergeant or one of the constables of such town, requiring him to post at least seven days before the day appointed for such meeting, written notifications in three or more public places in the town, of the time when and the place where said meeting is to be holden, *and of the business required by law to be transacted therein.*"

Section 4 of an act, entitled "An act dividing the town of Cumberland into districts for the purpose of voting," passed at the May session, 1856, provides, "A town meeting shall and may hereafter be held annually at the town house in said town, and notified by the town clerk in the warrant for said meeting on the second Monday of June, for the transaction of such general business of the town as may legally come before said meeting:"—

*Held*, that, as there was no requirement either by general law or special act, that any specified matter of business should be transacted at the annual town meeting of said town, such meeting was not illegal because "the business required by law to be transacted therein" was not stated in the warrant for said meeting and was not contained in the notices to the electors.

*(2)   Taxation.   Exemptions.*

After the adoption of a resolution of a town meeting "Resolved that the town council be and hereby is authorized for the period of one year from and after the passage of this resolution to exempt from taxation for the period not exceeding ten years any manufacturing property that may hereafter be located in said town of X. in consequence of such exemption and the land upon which such property is or may be located,"

plaintiff petitioned for an exemption of certain property "for a period not exceeding ten years;" and the petition was granted according to the terms of its prayer:—

*Held,* that a reasonable construction of the vote was that an exemption was granted for a period of ten years.

(*3*)  *Taxation.  Period of Exemption.*

A vote exempting property from taxation for a period not exceeding ten years, was passed September 6, 1900.  September 15, 1910, the property was assessed:—

*Held;* that as no steps were taken until September 17, 1900, to bring the property into existence or to locate it upon land in the town and as until such steps were taken there was nothing upon which the exemption could operate, the period did not begin to run until that date.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

SWEETLAND, J.   This is an action of the case in assumpsit to recover the amount of a tax paid under protest by the plaintiff to the collector of taxes of the town of Cumberland and by him paid over to the defendant as treasurer of said town.

On June 13th, 1900, the electors of said town of Cumberland qualified to vote on a proposition to impose a tax assembled in a meeting, notification and warning of which meeting had been given to the electors, as being the annual town meeting of said town.   The legality of this meeting is now questioned by the defendant.   At this meeting the said electors passed the following resolution:   "Resolved, That the Town Council of the Town of Cumberland be and hereby is authorized for the period of one year from and after the passage of this Resolution to exempt from taxation for the period not exceeding ten years any manufacturing property that may hereafter be located in said Town of Cumberland in consequence of such exemption and the land upon which such property is or may be located."

Said electors, if legally assembled, had authority to pass said resolution under the provisions of Gen. Laws (1896), cap. 44, § 4, now Gen. Laws (1909), cap. 56, § 4.   On Sep-

tember 6th, 1900, under the authority thus intended to be given by the electors, the town council of said town exempted from taxation for the period of ten years the manufacturing property which the Lonsdale Company contemplated erecting in said town as an addition to its mill called the Ann & Hope Mill.

The essential part of the plaintiff's petition granted, in accordance with its terms, by the town council is as follows:

"Third. The said Lonsdale Company has determined to abandon manufacturing in its No. 1 Mill, in the Town of Lincoln, and believing that inducements such as have been offered to other enterprises may be obtained for this one, contemplate the erection of a large addition to the Ann & Hope Mill, in the Town of Cumberland.

"Fourth. The outlay proposed is about Three Hundred Thousand Dollars, and the number of hands which will be employed is over three hundred.

"Therefore, your petitioners humbly pray that, acting under the provisions of the General Laws and under the authority conferred upon you by the electors of the Town, you will exempt for a period not exceeding ten years the manufacturing property which the Lonsdale Company contemplate locating in the Ann & Hope Mill yard and the land upon which such property is located.

"And your petitioners will forever pray."

On September 17th, 1900, the plaintiff began the construction of said addition to the Ann & Hope Mill and said addition was thereafter erected. During the nine years following, taxes in the town of Cumberland were assessed annually on the fifteenth day of August in each year. During said nine years, in the description of the plaintiff's Ann & Hope Mill property, appearing in the tax assessors' assessment books in said town, it is noted that "addition exempt." In the year 1910 the financial town meeting ordered the taxes of the town for the year following to be assessed on or before September 15th, 1910. On September 15th, 1910, the "extensions to Ann & Hope Mill & Machinery" were

assessed by the tax assessors of said town, the real estate at $100,000, the personal estate at $196,000. The amount of the tax upon the property thus assessed was two thousand nine hundred and sixty dollars. The plaintiff paid said tax under protest; and this suit is brought to recover the amount of the tax so paid.

In the Superior Court the case was tried before the presiding justice sitting without a jury, and decision was given for the plaintiff for the amount of the tax paid with interest from the time of payment. The case is before this court upon the defendant's exception to certain rulings of said justice upon the admission of certain testimony at the trial and to the decision of said justice.

The said exceptions to the rulings of the justice upon the admission of testimony are without merit and are not pressed before this court by the defendant.

Against the decision of said justice the defendant urges that the said town meeting of June 13th, 1900, was not legally assembled and hence that the vote authorizing the town council to exempt manufacturing property from taxation, as contained in said resolution, was without validity. The defendant claims that the said town meeting was not legally assembled because "the business required by law to be transacted therein" was not stated in the warrant for said meeting, and was not contained in the notices thereof to the electors posted by the town sergeant. The said warrant and notices specified the time and place of holding said meeting, but contained no notice of "the business required by law to be transacted therein."

The provision of the Rhode Island statute with reference to the warning of town meetings differs from that of the other New England states. The authority cited by the defendant is undoubtedly based upon the statutory requirement existing in those states, that the warrants and notices of all town meetings shall state the business to be acted upon; and that any action taken at a town meeting shall be

without legal effect, unless the subject matter of the action shall have been stated in the warrant for the meeting.

In Rhode Island, on June 13, 1900, Section 8, Chapter 37, General Laws, 1896, then in force, now Section 8, Chapter 47, General Laws, 1909, was as follows: "Sec. 8. The notice to the electors to meet in a town meeting prescribed by law, shall be given by the town clerk issuing his warrant, directed to the town sergeant or one of the constables of such town, requiring him to post, at least seven days before the day appointed for such meeting, written notifications in three or more public places in the town, of the time when and the place where said meeting is to be holden and of the business required by law to be transacted therein."

(1)   The defendant does not claim that the resolution in question, giving to the town council authority to exempt from taxation manufacturing property thereafter to be located in said town, was a matter of business required by law to be transacted in the annual town meeting, or that the passage of the resolution was invalid because no notice of such proposed resolution was stated in the warrant and notice of said meeting; but the defendant's contention is that to constitute this meeting of the electors a legal meeting, and to give validity to any of the acts of the electors at said meeting, it was necessary that the warrant and notices of said meeting should contain a statement of the business which under the statute the electors were required to transact at said meeting. The defendant's point that the town meeting in question was invalid on this ground is without force unless it appears that the electors of Cumberland, qualified to vote in a financial town meeting are required by statute to transact one or more specific matters of business in the annual financial meeting of the town. The provision that notice of a town meeting prescribed by law should contain a statement of the business required by law to be transacted in such meeting appeared in our statutes long before the town of Cumberland, by special act of the General Assembly, was divided into districts for the purpose of

voting. Public Laws, 1798, p. 328, § 10. This provision has continued in force to the present time. In towns not divided into voting districts the statute has prescribed an annual town meeting for the election of town officers, and also that the electors, on their town election day, should elect as many town officers as the law required. Such election of town officers at the annual town meeting is an instance of business required by law to be transacted in a town meeting prescribed by law. The necessity for notice of such election in the warrant and notices of the annual town meeting in the town of Cumberland ceased when said town was divided into voting districts. In a town so divided all classes of electors of the town no longer meet in one town meeting. Only the so-called taxpaying electors are qualified to take part in what are termed financial town meetings. Does the statute require any particular matter of business to be transacted at the annual town meetings in Cumberland as said meetings are now constituted?

Section four of an act, entitled "An act dividing the Town of Cumberland into districts for the purpose of voting," passed at the May session, 1856, contains the following provision: "A town meeting of said town, shall and may hereafter be held annually, at the Town House, in said town, and notified by the Town Clerk in the warrant for said meeting, on the second Monday of June, for the transaction of such general business of the town as may legally come before said meeting."

The defendant has called the court's attention to the duty imposed upon towns to establish and maintain public schools, to keep the highways and bridges within the bounds of the town safe and convenient for travellers, to relieve and support the poor of the town and to pay the town's proportion of the State tax. The defendant urges that the performance of these duties by the town of Cumberland requires action from time to time by the qualified electors in the financial town meetings of the town; that these matters involve business required by law to be transacted at the annual town

meeting held June 13th, 1900, and that such business should have been specified in the warrant and notices for said meeting.  The provisions for raising money, and for granting and voting money by the towns for the purposes above mentioned are not matters of business required by statute to be transacted at an annual town meeting or at any other particular meeting, but may be attended to at any legal meeting of the electors qualified to vote upon the matters. General Laws, 1896, Chapter 36, Sections 3, 4, now General Laws, 1909, Chapter 46, Sections 3, 4.

We do not find in any special act relating to the town of Cumberland or in the general provisions relating to towns, in force on June 13th, 1900, the requirement that any specified matter of business should be transacted at the annual town meeting in question.  The meeting was held as the act of 1856, quoted *supra*, provides, "for the transaction of such general business of the town as may legally come before said meeting."  The language of the court in *Schoff* v. *Bloomfield*, 8 Vt. 472, is pertinent to the situation in Rhode Island.  In speaking of an annual town meeting held under the Vermont statute then in force the court said: "And no statute requires that the subject matter of business to be done at this meeting should be specifically named in the warning.  And as the statute does require this in all special meetings of the town, it does, by fair implication, excuse it in relation to the stated annual meeting.  At this meeting it is well known that the town will transact all matters necessary to their corporate interests, and the inhabitants are bound to take notice of that fact, and are bound by the votes of the town, on any subject, whether they attend or not."

The objection of the defendant to the validity of the resolution passed at said town meeting of June 13th, 1900, appears to us to be without force.

(2)   The defendant also objects to the decision of said justice on the ground that the vote of the town council of Cumberland, passed on September 6th, 1900, did not grant to the

plaintiff an exemption from taxation upon the proposed addition to the Ann & Hope Mill for a period of ten years or for any definite period, and that the town might assess a tax upon said addition, when it was erected, and the land upon which it was located at any subsequent assessment of taxes in the town.   The town council granted the plaintiff's petition according to the terms of its prayer, which is that "you will exempt for a period not exceeding ten years." A reasonable construction of the vote of the council is that an exemption was granted for a period of ten years.

(3)   If it should be held that the exemption granted was for ten years, the defendant further contends that said period began immediately upon the passage of the vote of exemption by the town council and expired on September 6th, 1910; and that the tax in question, assessed on September 15th, 1910, was without the period of exemption.   The conditions which cause this question to arise were brought about by the change in the year 1910 of the time of making the annual assessment of taxes in the town.   If August 15 had been fixed as the time of making the annual assessment of taxes in that year, as in the previous years, the defendant would not question that the tax in question came within a ten-year period of exemption.

The language of the statute under the provisions of which this exemption was granted is that the electors of a town may authorize for a period of ten years or less the exemption from taxation of "such manufacturing property as may hereafter be located in such town or city in consequence of such exemption and the land on which such property is located." It is obvious that until such manufacturing property is brought into existence in the town and located upon land in the town there is nothing upon which the exemption can operate and the period of exemption does not begin to run.   In the case at bar no steps were taken by the plaintiff to bring said manufacturing property into existence or to locate it upon land in said Cumberland until September 17th, 1900, less than ten years before said assess-

ment of September 15th, 1910. We are, therefore, of the opinion that said assessment of September 15th, 1910, was within the period of exemption granted by the town council. It is argued for the defendant that this construction would permit the plaintiff having the grant of exemption to commence the erection and location of manufacturing property thus exempted at any time, perhaps many years in the future. Such unreasonable delay, if it occurred, would raise another question from that before us, for the plaintiff proceeded expeditiously and eleven days after the grant of exemption selected the land in the town upon which it would locate the said addition and began its erection.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment upon the decision.

*Harold W. Thatcher, Robert B. Dresser, Seeber Edwards, Edwards & Angell,* for plaintiff.

*Quinn & Kernan,* for defendant.