# Graham, et al., *v.* City of Lebanon, Appellant.

*Contracts—Municipal bonds—Agreement to purchase—Cash deposit—Liquidated damages.*

1. Where a bidder for an entire issue of municipal bonds deposited with his bid a certified check for $5,500, being five per cent. of the amount of the bid, with an agreement that the same might be retained by the city as liquidated damages, if he failed to fulfill the terms of his bid, and the bidder refused to accept and pay for the bonds, because of a doubt as to their validity, the city is bound to return the whole amount of the check, if it appears that no loss had in fact been suffered.

2. In such a case the amount of the deposit is so out of proportion to any damages which might have been reasonably anticipated by a default of the bidder, that the parties will not be deemed to have intended anything more than compensation or indemnity.

*Municipalities—Increase of indebtedness—Over two per cent. of assessed valuation—Notice of election—Weekly advertisements—Failure to advertise—Illegality of bonds.*

3. Municipal bonds representing an increase of indebtedness beyond two per cent. of the assessed valuation of taxable property are

valid only as the provisions of the Act of April 20, 1874, P. L. 65, are complied with, and publication of notice of an election under the act in three daily newspapers, not continuously in any one, but from time to time in each, during the required period, in such manner that twelve days elapsed during which no publication of the notice appeared, does not satisfy the statutory requirement that "thirty days' notice shall be given by weekly advertisement."

Argued Feb. 17, 1913. Appeal, No. 250, Jan. T., 1912, by defendant, from judgment of C. P. Lebanon Co., September Term, 1911, No. 51, in case of Howard S. Graham, Edgar H. Butler, Lewis H. Parsons and Henry P. Vaux, co-partners trading as Graham & Co., *v.* City of Lebanon. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for moneys deposited by way of security for performance of bidders' contract. Before HENRY, P. J.

The case was submitted to the court under the Act of April 22, 1874.

The opinion of the Supreme Court states the facts.

*Error assigned* was in entering judgment for plaintiff. Defendant appealed.

*Walter C. Graeff,* City Solicitor, for appellant, cited as to the advertisement: Hollister v. Vanderlin, 165 Pa. 248; McKee v. Kerr, 192 Pa. 164; Harrisburg v. Bank, 27 Pa. C. C. R. 401.

*W. U. Hensel,* with him *D. F. Mauger* and *Townsend, Elliott & Townsend,* for appellees.—When the amount demanded is out of all proportion to the actual damage, the court must hold that the parties could not have intended it as stipulated damages, even though they so expressly declared: Sanders v. Carter, 91 Ga. 450; Davis v. United States, 17 Ct. of Claims 201; Beeman v. Hexter, 98 Iowa 378; Jaquith v. Hudson, 5 Mich. 123; Wil-

liams v. Dakin, 22 Wendell 201; Clements v. Schuylkill
River E. S. R. Co., 132 Pa. 445; Curry v. Larer, 7 Pa.
470; Keck v. Bieber, 148 Pa. 645; Emery v. Boyle, 200
Pa. 249; Burgoon v. Johnson, 194 Pa. 61.

OPINION BY MR. JUSTICE STEWART, April 21, 1913:

This appeal is devoid of merit. In the first place, not-
withstanding the plaintiffs' sealed proposal for the pur-
chase of the entire issue of the city bonds recited that
the accompanying certified check for $5,500, being the
five per cent. of the entire amount bid, was to be re-
tained as and for liquidated damages in case of failure
to make payment, it is evident from the whole transac-
tion that all that was intended to be secured by requiring
a deposit of the check with the bid was the fulfilment of
the contract on the part of the successful bidder. The
amount was so out of proportion to any damages which
might reasonably be anticipated as a result of default by
the bidder—assuming that the bonds would be market-
able—that it agrees with neither reason nor equity to
suppose that the parties intended by this provision any-
thing more than compensation or indemnity. "Equity
will regard a penalty as intended to secure the fulfil-
ment of a contract and will limit a recovery to the loss
actually sustained, notwithstanding the stipulation of
the parties, on the principle that one party should not
be allowed to profit by the default of another. Compen-
sation, not forfeiture, is the equitable rule; but effect
will be given to the intent of the parties as ascertained
unless it conflicts with some rule of law or equity":
Emery v. Boyle, 200 Pa. 249. Clearly it was not the
intention of the city in executing the penalty to make
profit. As to loss in consequence of plaintiffs' default,
it alleges none; and in point of fact it sustained none,
for in less than a month following, upon plaintiffs' de-
fault it sold the whole issue of bonds at par. When then
it finally appeared that the city had sustained no loss or
damage through plaintiffs' default, it was its duty to

return to plaintiffs their check. Instead of returning it to the plaintiffs, the city drew the money upon the check, carried it into its own cash balance and refused to account to the plaintiffs for the same. The plaintiffs then brought the present action. On the ground we have indicated, were there nothing more, plaintiffs were entitled to recover. On the trial of the case before the court, a jury by agreement having been dispensed with, plaintiffs, with a view to justify their refusal to accept the bonds and pay the price bid for the same, alleged certain failure on the part of the municipal authorities to comply with legal requirements in connection with the proceedings on which they relied for their authority to issue the bonds, and insisted that because of such failure they were not legally bound to accept the bonds tendered them, for the reason that they were not legally executed and issued. It is not necessary to refer here to more than one of these alleged irregularities (afterwards cured, as well as all others, by legislative action) since in itself, without more, it would be quite sufficient to render the bonds when tendered to the plaintiffs unmarketable. These bonds, the subject of the plaintiffs' bid, representing an increase of the city's debt beyond two per cent. of the assessed valuation of the taxable property, were valid only as the provisions of the Act of April 20, 1874, P. L. 65, which provides a method for the increase of such municipal indebtedness, were complied with. One of these provisions is that, following upon an ordinace of the municipal authorities expressing a desire to make the proposed increase, thirty days' notice shall be given by weekly advertisement in the newspapers, not exceeding three, in such district. This necessarily means thirty days next preceding the election called to determine the wishes of the electors of the municipality with respect to the proposed increase. The advertisement in this case was made in each of three daily newspapers published in the City of Lebanon, not continuously in any one of them, but from

time to time in each. The learned trial judge makes the following finding, not excepted to: "It is beyond question that from October 17th to October 29th, the notice did not appear in any paper, that in none of said papers did the notice appear weekly, and taken individually or collectively the notice was not published weekly during the period of thirty days." He accordinly held the notice insufficient, and that, because of this, the election that followed was a nullity, and the bonds issued thereunder invalid. The fact being as found the conclusion as to the law was inevitable. There was a period of twelve days between October 17th and October 29th during which no publication of the election notice appeared. Clearly this was not a compliance with the requirements of the statute. Even were it otherwise, and full compliance with all legal requirements were shown, for the reason indicated in the earlier part of this opinion, the judgment entered for the plaintiffs does such manifest justice between the parties that we would have no warrant for disturbing it. We have considered the question of the validity of the bonds only because this was made the one ground of contest in the court below, and the record shows no express ruling by the court with respect to the other and equally conclusive consideration.

The assignments of error are overruled, and the judgment is affirmed.