## Graver, Administrator, v. Chamis and Galationos.

*Penalty or liquidated damages—Agreement for sale of real estate.*

1. Whether a sum named as compensation for a breach of contract is a penalty or liquidated damages is a question for the court, depending on the special circumstances of the case and the intention of the parties.

2. The rule that in actions *ex contractu*, where the breach of an agreement admits of compensation, the recovery may be limited to the loss actually sustained, notwithstanding a stipulation for a penalty, is founded upon the principle that one party should not be allowed to profit by the default of the other and that compensation and not forfeiture is the equitable rule.

3. In an action to recover an amount mentioned in an agreement for the sale of real estate to be paid upon its breach by either of the parties, it appeared that the agreement stipulated that the purchase price for the real estate was to be $10,000, of which $300 was to be paid on the signing of the agreement, $2000 on a subsequent date, and the balance at the time of the conveyance, and that "the sum of one thousand dollars shall be regarded as liquidated damages to be paid by the party in default" on failure to carry out the contract; that the defendants made the first payment but defaulted on the second, and the plaintiff subsequently sold the property for the same purchase price to a third party: *Held*, that the thousand dollars stipulated as liquidated damages should be regarded as a penalty, as this provision was inserted in the contract to secure its fulfilment, and the amount was larger than any damages likely to be sustained, and there was nothing in the contract to prevent the actual damages from being easily ascertained, and as the plaintiff proved no damages, he could only recover nominal damages, and as he already had the defendants' first payment of $300, judgment should be entered for the defendants.

Rules for a new trial and for judgment for defendant *n. o. v.* C. P. Lancaster Co., Dec. T., 1923, No. 20.

*Charles G Baker, Benjamin C. Atlee* and *Harnish & Harnish*, for rules.

*Harold G. Ripple, Isaac R. Herr* and *Charles W. Eaby*, contra.

HASSLER, J., Jan. 17, 1925.—In this action the plaintiff seeks to recover an amount mentioned in an agreement for the sale of real estate, to be paid upon its breach by either of the parties. The trial resulted in a verdict for the plaintiff, and we are now asked to enter judgment *n. o. v.* or to grant a new trial.

At the trial, the defendants offered two defences, the first of which was that the amount mentioned in the agreement of sale was a penalty and not liquidated damages, and the second that the contract was broken by the plaintiff and not by the defendants. We were not entirely satisfied that the amount mentioned was a penalty, so we instructed the jury that it was liquidated damages, and submitted to them the question as to which party broke the contract, knowing that we could pass upon the legal question of whether the amount so mentioned was liquidated damages or a penalty, in case the verdict should be for the plaintiff on a motion for judgment *n. o. v.*, and thus avoid another trial.

The facts on the legal question were not in dispute. It appears that on May 28, 1923, Barbara A. Graver was the owner of a farm in this county, and on that day, with her husband, she entered into a written agreement with the defendants for the sale of it for the sum of $10,000. Three hundred dollars of this amount was to be paid on the execution of the agreement, $2000 on Aug. 1st following and the balance on Oct. 1st, when the conveyance of the farm was to be made. Barbara A. Graver died before Oct. 1st, and her husband took out letters of administration on her estate. The $300 mentioned in the agreement was paid. The $2000 to be paid on Aug. 1st was not paid.

Graver, Administrator, v. Chamis and Galationos.

The agreement contains this clause: "In the event of the failure of either party to perform this contract according to the tenor thereof, the sum of one thousand dollars shall be regarded as liquidated damages to be paid by the party in default to the other party to this contract, and if the purchaser is in default, then any payment on account of the purchase money shall be applied by the owner on account or in payment of the said liquidated damages."

The plaintiff admits that on Oct. 4, 1923, he sold the farm to John R. Huber for the same price that the defendants agreed to pay for it, so that no loss was sustained by reason of the agreement between these parties not having been carried out by the defendants.

In Kunkel et al. v. Wherry, 189 Pa. 198, Justice Fell states the rule to ascertain the distinction between a penalty and liquidated damages in a contract such as the one involved here as follows: "The rule that in actions ex contractu, where the breach of an agreement admits of compensation, the recovery may be limited to the loss actually sustained, notwithstanding a stipulation for a penalty, is founded upon the principle that one party should not be allowed to profit by the default of the other, and that compensation and not forfeiture is the equitable rule. Equity will regard a penalty or forfeiture as intended to secure the fulfillment of a contract, and it may preclude the injured party from recovering more than a just compensation. . . . Whether a sum named as compensation for the breach of a contract is to be considered as a penalty to secure its fulfillment from which equity will relieve, or as damages liquidated by the parties themselves, is a question which cannot be answered by the application of any general rule. . . . The grounds on which each case is to be considered and determined are clearly stated by our brother Mitchell in Keck v. Bieber, 148 Pa. 645: 'The general principle upon which the law awards damages is compensation for the loss suffered. The amount may be fixed by the parties in advance, but where a lump sum is named by them, the court will always look into the question whether this is really liquidated damages or only a penalty, the presumption being that it is the latter. The name by which it is called is of but slight weight, the controlling elements being the intent of the parties and the special circumstances of the case.' And he quotes with approval March v. Allabough, 103 Pa. 335: 'The question . . . is to be determined by the intention of the parties drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings, and in this examination we must consider the relation which the sum stipulated bears to the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction.' "

In Emery v. Boyle, 200 Pa. 249, it is decided that the difficulty of measuring damages that would result from a breach of contract "is always an important element, if not a controlling one," in determing whether the sum mentioned is a penalty or liquidated damages. In York v. York Railways, 229 Pa. 236, a case where there was likely to be no, or at least little, difficulty in ascertaining the damages if there was a breach of the contract, it was held that the sum mentioned was a penalty and not liquidated damages. See, also, Gross v. Exeter, 277 Pa. 363; Curran v. Philadelphia, 264 Pa. 111; Graham v. Lebanon, 240 Pa. 337.

In Clements v. The Railway, 132 Pa. 445, Mr. Chief Justice Paxson said: "And I will supplement these well-considered remarks by saying that where the damages are unconscionable and grossly disproportioned to the injury sustained, equity will generally relieve therefrom by treating the sum as a pen-

alty, for the reason that the parties to the contract probably regarded it as such when the contract was made."

In the present case the parties called the amount which was to be paid to the other by the one who failed to perform her or their part of the contract liquidated damages. This, under the above decision, does not make it such. The damages likely to be sustained by a breach of this contract could hardly, under any circumstances, be an amount equal to the amount mentioned, namely, $1000. As a matter of fact, no damages at all were sustained by the plaintiff by reason of the failure of the defendants to perform their part of the contract. The amount was evidently inserted in the contract to secure its fulfillment, and this precludes the plaintiff from recovering more than just compensation for the alleged breach of it by the defendants. That the parties called it liquidated damages is of but slight weight. No circumstances could arise that would make difficult the measure of any damages sustained by the plaintiff because of the defendants' breach of the contract. They could easily be ascertained, and that is an important element, if not the controlling one, in determining whether this sum is a penalty or liquidated damages.

We are of the opinion that, for these reasons, the amount mentioned in this contract is a penalty, and the plaintiff is only entitled to recover such sum as will compensate his decedent's estate for any loss sustained by reason of the defendants' breach of the contract. As no damages have been proven, the plaintiff would only be entitled to nominal damages, and as he now has in his possession the sum of $300 of the purchase money paid by the defendants, we will grant the motion for judgment n. o. v.

Motion for judgment n. o. v. granted and judgment is entered for the defendants.

From George Ross Eshleman, Lancaster, Pa.